PEOPLE v PETTIS

1. CRIMINAL LAW—SENTENCING—OTHER CRIMINAL CONDUCT—DUE PROCESS.

A judge may consider alleged criminal conduct which has not resulted in conviction when imposing sentence; however, once a defendant has denied such allegations the sentencing judge may consider such other criminal conduct only if presented with information establishing the validity of the other charges, because due process requires that a sentence not be based upon inaccurate information.

2. CRIMINAL LAW—SENTENCING—OTHER CRIMINAL CONDUCT—ARRESTS—OBJECTION.

A trial judge was justified in assuming the validity of the arrest information which had been furnished to him when sentencing a defendant where the defendant failed to dispute the accuracy of such information.

Appeal from Recorder's Court of Detroit, Joseph E. Maher, J. Submitted Division 2 December 14, 1972, at Lansing. (Docket No. 11688.) Decided September 25, 1973.

Larry Pettis was convicted, on his plea of guilty, of assault with intent to rob being armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Edward R. Wilson,* Assistant Prosecuting Attorney, for the people.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 525 *et seq.*

*Michael C. Moran,* Assistant State Appellate Defender, for defendant.

Before: Fitzgerald, P. J., and McGregor and Targonski,* JJ.

McGregor, J. In an information filed July 17, 1970, defendant was charged with armed robbery, MCLA 750.529; MSA 28.797. On February 25, 1971, he pled guilty to a charge of assault with intent to rob being armed, a violation of MCLA 750.89; MSA 28.284. Defendant was sentenced to 10 to 15 years in prison.

The charge arose from a claim that defendant, in the company of an accomplice, and while armed with a pistol, forcibly took $900 from the complainant in the robbery of a junkyard.

At the pleataking, defendant was properly advised of the constitutional rights he was waiving by pleading guilty. At sentencing, the trial judge noted that defendant, then 23 years of age, had been convicted of five crimes since he was 18 years old.

Defendant later filed a delayed motion for a new trial and a motion to vacate the sentence, which were supported by an affidavit contending that defendant's plea of guilty was coerced. After hearing extensive testimony including that of defendant, the court denied these motions.

In his primary and supplemental briefs on appeal, defendant raises a total of seven issues. In our view, the first six issues raised are simply groundwork for the frontal assault on his sentence, embodied in the seventh issue. Consequently, rather than evaluating the validity of

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

each of defendant's contentions separately, we deem it proper to consider only the seventh issue.

As pointedly stated in defendant's supplemental brief, that issue is "whether consideration at sentencing of higher felony charges when appellant had been convicted of lesser misdemeanors requires remand for resentencing".

The basis of defendant's contention is found in the following statement by the trial judge at sentencing:

*"The Court:* He's got five convictions at the age of 23; as an adult, one for each year of his adulthood. He was charged with breaking and entering back in 1965 and was convicted of attempted larceny in a building and got two years probation. Ninety days in the Wayne County Jail for malicious destruction of property after being charged with attempted breaking and entering coin box. He was charged with possession of a stolen motor vehicle which carries a ten-year maximum penalty, if convicted, and was convicted of Unlawfully Taking and Having a Motor Vehicle and received two-years probation. He was convicted of Unlawful Use and Addiction to Narcotics and received six months in the House on that, being charged with Violation of the State Narcotic Law carries a ten-year maximum. And 1969, Fraudulent Use of a Credit Card and was convicted of obtaining money under false pretenses under the value of $100.00 and got 90 days in the Detroit House of Correction. Now, he is using a gun. How much education have you had, Mr. Pettis?"

Even if we assume, *arguendo,* that the felony arrests were considered by the trial court in imposing sentence, there is no indication that defendant disputed the accuracy of the arrest record. Thus, we view the following statement of this Court, in *People v Hildabridle,* 45 Mich App 93, 95; 206 NW2d 216, 217 (1973), as dispositive:

"Due process requires that a sentence not be based upon inaccurate information. When imposing sentence a judge may consider alleged criminal conduct which has not resulted in conviction. However, once a defendant has denied such allegations, the sentencing judge may consider such other criminal conduct only if presented with information establishing the validity of the other charges. *People v Zachery Davis,* 41 Mich App 683; 200 NW2d 779 (1972)."

In light of defendant's failure to dispute the accuracy of the arrest information, the trial court was justified in assuming its validity.

Affirmed.

FITZGERALD, P. J., concurred.

TARGONSKI, J., did not participate in the decision.