PEOPLE v BROWNLEE

1. CRIMINAL LAW—PLEA OF GUILTY—ADVICE TO DEFENDANT—RIGHT TO CONFRONT WITNESSES—RIGHT TO REMAIN SILENT.

A trial judge, examining a defendant entering a plea of guilty, gave the defendant sufficient advice on his rights to confront witnesses and to remain silent, should he choose to go to trial, where the advice given substantially complied with the requirements of Federal and state case precedent.

2. CRIMINAL LAW—SENTENCING—PENDING CHARGES.

A sentencing judge did not impermissibly consider pending charges against a defendant where he knew of such charges and in fact dismissed the charges in question and where the information was accurate, the defendant was aware of the facts, and did not deny them.

3. CRIMINAL LAW—SENTENCING—PRESENTENCE REPORT—CURRENT INFORMATION.

A presentence report used by a trial court at sentencing of a defendant was current where the court used a report which was prepared for a prior sentencing, the use of the prior report was not objected to by the defendant, and at sentencing defendant's attorney updated the report with items believed beneficial to the defendant.

Appeal from Recorder's Court of Detroit, George W. Crockett, Jr., J. Submitted Division 1 March 7, 1974, at Detroit. (Docket No. 17212.) Decided May 1, 1974.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 342, 486–491.

Court's right, in imposing sentence, to hear evidence of, or to consider, other offenses committed by defendant. 96 ALR2d 768.

[2] 21 Am Jur 2d, Criminal Law § 585.

[3] 21 Am Jur 2d, Criminal Law §§ 303, 585(supp).

Absence of accused at return of verdict in felony case. 23 ALR2d 456.

MacArthur Brownlee was convicted, on his plea of guilty, of assault with intent to rob being unarmed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas M. Khalil,* Assistant Prosecuting Attorney, for the people.

*Norris J. Thomas, Jr.,* Assistant State Appellate Defender, for defendant.

Before: DANHOF, P. J., and BRONSON and R. E. A. BOYLE,* JJ.

BRONSON, J. The defendant-appellant entered a plea of guilty on February 7, 1973, to assault with intent to rob being unarmed. MCLA 750.88; MSA 28.283. On February 12, 1973, appellant was sentenced to a prison term of 7 to 15 years. Three issues are raised. We will answer them in the order raised.

At the plea proceeding[1] the following advice was given to the appellant regarding his right to confront the witnesses against him:

"*The Court:* But by pleading guilty there are certain constitutional rights that you waive, including your right to a trial. We don't try people if they plead guilty. Is that clear?

"*The Defendant:* I understand.

*       *       *

"*The Court:* At a trial you would be presumed innocent. The prosecution would have to prove you guilty

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] The plea was given prior to July 1, 1973, the effective date of GCR 1963, 785.

beyond a reasonable doubt. *And you would also be entitled to call witnesses and to see the witnesses that the prosecution might call.* But since we don't have a trial, it means you are waiving your right to be presumed innocent and to require the prosecution to prove you guilty beyond a reasonable doubt. *You are also waiving your right to see and hear the witnesses and to produce witnesses.* Do you understand that?

*"The Defendant:* Yes, sir. I understand."

Defendant was also informed of his right to remain silent in the following manner:

*"The Court:* Finally, whenever you are charged with a crime you have a right to remain silent. But obviously if you're going to plead guilty, you can't remain silent; you've got to talk. Because a plea of guilty is a complete confession.

*"The Defendant:* Right.

*"The Court:* Therefore by pleading guilty you waive your what we call privilege against self-incrimination. Your right to remain silent. Do you understand that?

*"The Defendant:* Yes, sir.

*"The Court:* Now tell me: Have you understood everything that I've said?

*"The Defendant:* Right.

*"The Court:* Do you have any questions about any of your rights in this matter?

*"The Defendant:* No, sir."

Defendant contends that this advice on these two rights was inadequate to satisfy the requirements of *Boykin v Alabama*[2] and *People v Jaworski.*[3] We cannot agree. Intensive reexamination of the cases, with a phrase-by-phrase analysis of the forms the advice on the right to confrontation and against self-incrimination could take, would only serve to confuse the law. The new court rule sets

[2] 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969).

[3] 387 Mich 21; 194 NW2d 868 (1972).

out guidelines for the future. For this decision it is sufficient to repeat the rationale in *People v Mathis,* 52 Mich App 140; 216 NW2d 467 (1974), where we said, "We write to the simple proposition that substantial compliance with all the foregoing cases does not rest on phraseology but rather on the substance of the advice given". We find no reversible error on this issue.

Defendant also asks us to review the sentence proceeding alleging that the court impermissibly considered pending charges. The sentencing court had accurate information. In fact the sentencing court was the court which dismissed the charges in question. The defendant was aware of these facts and did not deny them. See: *People v Hildabridle,* 45 Mich App 93, 95; 206 NW2d 216, 217 (1973), and *People v Pettis,* 49 Mich App 503; 212 NW2d 266 (1973). We find no error.

Finally defendant argues that he has not only a right to have a presentence report prepared prior to sentencing but the additional right that it be current. The defendant did not object to the court's intent (expressed at the time of the plea) to use the prior report. Indeed at sentencing the defendant's attorney, who had seen the report, updated it with items believed beneficial to the defendant. We think the report was current. See *People v Alexander,* 17 Mich App 497; 169 NW2d 652 (1969). We find no error.

Conviction and sentence affirmed.

All concurred.