PEOPLE v BAKER

1. KIDNAPPING—ASPORTATION—ELEMENTS OF OFFENSE.

Asportation is a necessary element of the offense of kidnapping (MCLA 750.349).

2. KIDNAPPING—PLEA OF GUILTY—BASIS FOR PLEA—ASPORTATION.

A trial judge was correct in finding that the crime of kidnapping had been committed when accepting a plea of guilty where the defendant admitted that the complainant was forced against her will to accompany him and an accomplice in a car, that they drove some distance for about an hour, and that the movement was not merely incidental to a lesser crime, *i.e.,* an assault.

3. CRIMINAL LAW—PLEA OF GUILTY—ADVICE TO DEFENDANT—COURT RULES.

A trial court adequately advised a defendant of the nature of the charges against him when accepting a guilty plea prior to the effective date of change in the court rule where he read the information to the defendant prior to eliciting the factual basis of the plea (GCR 1963, 785.7).

4. CRIMINAL LAW—PLEA OF GUILTY—JUDGES—ELEMENTS OF OFFENSE —Defenses—Court Rules.

A judge is not obligated to explain to a defendant the elements of the offense or any possible defenses when accepting a plea of guilty (GCR 1963, 785.7[1][a]).

5. CRIMINAL LAW—SENTENCING—PRESENTENCE REPORT—UNPROVEN CRIME.

A defendant is not entitled to resentencing because a prior

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 1 Am Jur 2d, Abduction and Kidnapping § 11 *et seq.*

[3, 4] 21 Am Jur 2d, Criminal Law §§ 486–491, 505.

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR 2d 549.

[5] 21 Am Jur 2d, Criminal Law §§ 303, 527 (supp).

Presentence reports: defendant's right to disclosure of presentence reports. 40 ALR 3d 681.

unproven crime was mentioned in a presentence report where the trial court did not consider the objected-to offense when imposing sentence.

Appeal from Oakland, James S. Thorburn, J. Submitted Division 2 March 6, 1975, at Lansing. (Docket No. 20428.) Decided April 8, 1975. Leave to appeal denied, 394 Mich 791.

Sammy Baker was convicted, on his plea of guilty, of kidnapping. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, and *T. S. Givens,* Deputy Appellate Counsel, for the people.

*John H. Murphy,* for defendant.

Before: QUINN, P. J., and BASHARA and N. J. KAUFMAN, JJ.

BASHARA, J. Defendant was originally charged with the offenses of armed robbery, carrying a concealed weapon, rape and kidnapping. He pled guilty to the charge of kidnapping, MCLA 750.349; MSA 28.581. The remaining charges were dismissed. Defendant was originally sentenced to 20–40 years in prison, but upon resentencing his sentence was reduced to 15–30 years.

On appeal, defendant first contends that the trial court did not elicit a sufficient factual basis to support his guilty plea. He specifically argues that asportation, an essential element of kidnapping, was never established. Defendant is correct in his contention that asportation is a necessary element in the offense of kidnapping. *People v Adams,* 389 Mich 222; 205 NW2d 415 (1973). However, the following colloquy between the court and the defendant reveals that this element was satisfied:

"*Q.* Tell us in your own words what you did.

"*A.* I was the driver of the car and we forced her to go. We drove and parked. We was on drugs at the time.

"*Q.* And you—was she in the car?

"*A.* I drove the other boy that got in the car later.

"*Q.* And you forced her to get in the car and go with you?

"*A.* I didn't, the other boy did. But, you know, I got in with him later.

"*Q.* And you knew that he was forcing her against her will?

"*A.* Yes.

"*Q.* And so you cooperated with him in forcing her to go?

"*A.* Yes.

"*Q.* I can't hear you.

"*A.* I was a little mixed up because I was on drugs.

"*Q.* Alright, but you knew what you were doing?

"*A.* I knew about it, yes.

"*Q.* Well, did you or didn't you?

"*A.* Yes.

"*Q.* And you forced her to go where?

"*A.* I don't know where it was.

"*Q.* It was some distance away in the car?

"*A.* Yes.

"*Q.* How far? An hour? Two hours?

"*A.* About an hour.

"*Q.* About an hour.

"*A.* Something like that.

"*Q.* Was she assaulted in any way?

"*A.* No."

In *People v Adams, supra,* at 238; 205 NW2d at 422–423, the Supreme Court delineated, among others, the following factors to determine if there has been asportation:

"The movement element is not sufficient if it is 'merely incidental' to the commission of another underlying lesser crime.

\* \* \*

"If the movement adds either a greater danger or threat thereof, that is a factor in considering whether the movement adequately constitutes the necessary legal asportation, but there could be asportation without this element of additional danger so long as the movement was incidental to a kidnapping and not a lesser crime.

\* \* \*

"Whether or not a particular movement constitutes statutory asportation or whether there is an appropriate alternative element must be determined from all the circumstances under the standards set out above and is a question of fact for the jury."

The thrust of these guidelines is to aid our courts in determining how much movement is necessary before there is a criminal kidnapping. The rationale for this was that " '[a] literal reading of the kidnapping statute would permit a prosecutor to aggravate the charges against any assailant, robber, or rapist by charging the literal violation of the kidnapping statute which must inevitably accompany each of those offenses' ". *People v Adams, supra,* at 233, quoting from *People v Otis Adams,* 34 Mich App 546, 560; 192 NW2d 19 (1971).

The defendant admitted that the complainant was forced against her will to accompany them. Defendant further admitted they drove some distance and it took about an hour. The movement was not merely incidental to a lesser crime, *i.e.,* an assault. Forcibly driving the victim a substantial distance increased the risk of her harm beyond that incident to any lesser crime.

We hold the trial judge was correct in finding that the crime of kidnapping had been committed and the defendant was guilty of committing that

offense. *People v Barrows,* 358 Mich 267; 99 NW2d 347 (1959), *People v Schneff,* 392 Mich 15; 219 NW2d 47 (1974).

Defendant next contends that the trial court did not adequately advise him of the nature of the charges. Since defendant pled guilty prior to the effective date of GCR 1963, 785.7, we must view his contentions in accordance with GCR 1963, 785, as it was then written.

GCR 1963, 785.3(2), provided:

"If the accused pleads guilty, after such plea and before sentence the court shall inform the accused of the nature of the accusation and the consequences of his plea; and regardless of whether he is represented by counsel, the court shall examine the accused, not necessarily under oath, and as a condition of accepting the plea of guilty and imposing sentence shall ascertain that the plea was freely, understandingly, and voluntarily made, without undue influence, compulsion, or duress, and without promise of leniency. Unless the court determines that the plea of guilty was so made, it shall not be accepted."

Our examination of the record reveals the trial court did more than simply inform the defendant of the offense to which he was pleading. *People v Carlisle,* 387 Mich 269; 195 NW2d 851 (1972). The judge read the information to the defendant prior to eliciting the factual basis for the plea. Moreover, the court assured itself that defendant and his counsel had thoroughly examined the charges. We hold that defendant clearly understood the nature of the offense to which he pled guilty. See *People v Arnold,* 48 Mich App 22; 209 NW2d 818 (1973).

We parenthetically note that the present court rule, GCR 1963, 785.7(1)(a), outlining the procedures to be followed in a guilty plea, requires the

court to inform the defendant of the nature of charges. However, the judge is not obligated to explain the elements of the offense or any possible defenses. We are satisfied that defendant was aware of the nature of the charges prior to his pleading guilty.

Defendant next contends he is entitled to resentencing because the presentence report contained a report of an untried, unproven crime. Defense counsel at the second sentencing proceeding objected to reference in the presentence report of the prior unproven act which resulted in dismissal. The trial court stated:

"Well, I would agree with you. I don't feel that that should be taken into consideration. As a matter of fact, when you read the pre [sic], there are no facts to support it. The court is satisfied that it is not going to take it into consideration in imposing sentence.

"Do you have anything other to say in behalf of the respondent?

*"Mr. Murphy [defense counsel]:* Nothing further your Honor."

Since the judge did not consider the objected-to offense listed in the presentence report, defendant's claim is without merit. See *People v Pettis,* 49 Mich App 503; 212 NW2d 266 (1973).

Defendant's remaining assignments of error are without merit.

Affirmed.