## PEOPLE v KEETH

1. CRIMINAL LAW—INDECENT LIBERTIES—INTENT—STATUTES—OTHER
   ENUMERATED CRIMES—ELEMENTS—MATERIALITY.

   The crime of taking indecent liberties may be perpetrated without committing or intending to commit any of the other offenses enumerated in the statute; therefore, the "without" phrase found in the statute does not create an additional element of the crime, and it is immaterial whether or not the other crimes recited in the "without" phrase were committed (MCLA 750.336).

2. KIDNAPPING—INDECENT LIBERTIES—INFORMATION—ASPORTATION.

   Asportation of a female minor to a secluded rural location after she had been assaulted with a gun and secured with handcuffs greatly increased the threat of danger to her and was, therefore, not merely incidental to an indecent liberties charge; therefore, information charging the defendant with both kidnapping and taking indecent liberties was proper.

3. CRIMINAL LAW—EVIDENCE—JURY ROOM—INADMISSIBLE EVIDENCE—
   PREJUDICE.

   A jury room, during deliberations, must be kept free of evidence not received during trial, and the presence of such evidence, if prejudicial, will vitiate a verdict; but, the presence of a pair of handcuffs in the jury room which were similar to a pair allegedly used by a defendant during the perpetration of a crime but not formally introduced into evidence was not prejudicial to him where the defendant admitted having a pair of handcuffs, the victim testified that handcuffs had been used to restrain her, there was ample testimony that the actual handcuffs employed had never been found, and defense counsel twice borrowed handcuffs from police officers for illustrative purposes during the trial.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 10, 11, 14–16.
[2] 1 Am Jur 2d, Abduction and Kidnapping § 20 *et seq.*
   Offense of abduction or kidnapping as affected by defendant's belief in legality of his act. 114 ALR 870.
[3] 29 Am Jur 2d, Evidence § 324.

Appeal from Oakland, Farrell E. Roberts, J. Submitted June 13, 1975, at Lansing. (Docket No. 19617.) Decided August 25, 1975. Leave to appeal denied, 395 Mich 799.

Randal E. Keeth was convicted of taking indecent liberties. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *T. S. Givens,* Assistant Appellate Counsel, for the people.

*Nicholas Smith,* for defendant on appeal.

Before: ALLEN, P. J., and D. F. WALSH and O'HARA,* JJ.

D. F. WALSH, J. The defendant was charged with kidnapping, MCLA 750.349; MSA 28.581, and indecent liberties, MCLA 750.336; MSA 28.568, *repealed,* 1974 PA 266. A jury found him guilty of indecent liberties on November 15, 1973, and he was thereafter sentenced to a term in prison of from 6 to 10 years. He appeals as of right raising issues dealing with alleged trial errors and deficiencies in the information and the court's instructions. Finding no error we affirm.

The statute under which the defendant was convicted provides, in pertinent part:

"Any person * * * over the age of 16 years, who shall assault a child under the age of 16 years, and shall take or attempt to take indecent and improper liberties with the person of such child, *without committing or intending to commit the crime of rape or the crime of sodomy or gross indecency upon such child,* shall be guilty of a

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

felony * * * ". MCLA 750.336; MSA 28.568. (Emphasis supplied.)

It is urged that the trial judge committed reversible error when he (1) omitted the emphasized language from his reading of the statute when the jury was instructed and (2) refused to allow defense counsel to refer to the language during his opening statement and closing argument. Defendant's theory is that if the jury were to find him guilty of committing an act of gross indecency, then, applying the "without" clause of MCLA 750.336; MSA 28.568, it should have been instructed to acquit him of the offense of indecent liberties.

The argument has been previously entertained and, we think, sufficiently treated in *People v Verburg,* 44 Mich App 320, 324; 205 NW2d 315 (1973), where this court stated:

"In order for a jury to determine the guilt or innocence of an accused charged with taking indecent liberties, it is immaterial whether or not the other crimes enumerated in the statute were committed since the crime of taking indecent liberties may be perpetrated without committing or intending to commit any of the other offenses. Therefore the 'without' phrase found in the indecent liberties statute does not create an additional element of the crime. Two essential elements must be shown, however, to sustain a conviction of taking indecent liberties. First, there must be an assault. Second, the liberties taken must be of such a nature as the common sense of society would brand as indecent and improper." (Citations omitted.)

The jury was therefore properly charged. Likewise, defense counsel was appropriately restricted during his opening statement and closing argument. Since the reasons for truncating these state-

ments was to prevent an "immaterial" portion of the pertinent statute from being read to the jury, this was a well-grounded exercise of judicial discretion. See GCR 1963, 507.1, 507.6, 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), pp 394, 396.

The defendant next contends that the trial court erred in denying his motion to quash the information. The substance of his motion was that since proof of an intent to kidnap is necessary for a conviction under the kidnapping count, proof of an intent to commit any other crime would be inconsistent with the kidnapping charge. The conclusion seems to be that one count or the other should have been quashed.

In support of his thesis the defendant refers us to, and relies exclusively upon, *People v Adams,* 389 Mich 222; 205 NW2d 415 (1973). That decision judicially supplied "asportation" as an essential element of the crime of kidnapping but held that "the movement element [necessary to support a kidnapping conviction] must not be merely incidental to the commission of a lesser underlying crime, *i.e.,* it must be incidental to the commission of the kidnapping". *Adams, supra,* at 236. The court offered several factors which may be considered in making this factual determination. One of them was stated as follows:

"If the movement adds either a greater danger or threat thereof, that is a factor in considering whether the movement adequately constitutes the necessary legal asportation, but there could be asportation without this element of additional danger so long as the movement was incidental to a kidnapping and not a lesser crime." *Adams, supra,* at 238.

In this case there was evidence that the defend-

ant picked up the victim on a major highway near Roseville in Macomb County, refused to take her home as she requested, assaulted her with a gun and secured her with handcuffs. He then drove north on the I-75 expressway for about an hour and finally took the victim, via virtually untraveled dirt roads, to a secluded spot in Oakland County. Certainly this movement would have greatly increased the threat of danger to the victim. We find therefore that this kind of asportation would not have been merely incidental to the other crime charged. We uphold the denial of defendant's motion to quash. See *People v Baker,* 60 Mich App 309; 230 NW2d 409 (1975).

Finally, the defendant cites as error the trial court's denial of his motion for a mistrial. This motion was offered after it was learned that a pair of handcuffs—similar to those allegedly used by defendant during the perpetration of the crime but not formally introduced into evidence—had inadvertently found its way into the jury room during deliberations.

In *Dallago v United States,* 138 US App DC 276; 427 F2d 546, 553 (1969), the court said:

"[I]t is perfectly plain that the jury room must be kept free of evidence not received during trial, and that its presence, if prejudicial, will vitiate the verdict."

In this case, however, we are not persuaded that the jury inspection of the handcuffs contributed in any way to the defendant's conviction. First of all the handcuffs in question had no real probative value in themselves. The defendant had admitted having a pair of handcuffs in the glove compartment of his car. The victim had testified that these handcuffs had been used to restrain her. There was ample testimony, however, that the actual

handcuffs allegedly employed by the defendant had never been found. Moreover, defense counsel twice borrowed handcuffs from police officers for illustrative purposes during the testimony, in effect inviting jury inspection of a set of handcuffs other than those allegedly used by defendant.

In light of the foregoing we conclude that the error was not prejudicial to the defendant. The motion for mistrial was properly denied.

Affirmed.