PEOPLE v KOSS

Docket No. 77-4942. Submitted June 14, 1978, at Grand Rapids.—
Decided October 18, 1978.

Bradley R. Koss was convicted in a nonjury trial of two counts of
kidnapping and two counts of rape, Kalamazoo Circuit Court,
Patrick H. McCauley, J. On the day of trial the defendant
moved that the judge disqualify himself because he had previ-
ously presided over a competency hearing involving the defend-
ant and pertaining to the same offenses. The motion was denied
and the case proceeded to trial. At trial, the defense of insanity
was raised. Defendant appeals, alleging that the trial judge's
denial of the motion for disqualification was reversible error.
*Held:*

Denial of the motion was not reversible error. When he
denied the motion the trial judge stated that he knew nothing
about the case and had no preconceived ideas about it. The
evidence presented at the competency hearing related to the
defendant's mental state at the time of trial and did not affect
his insanity defense, which related to his state of mind at the
time the offense was committed.

Affirmed.

1. APPEAL AND ERROR—CRIMINAL LAW—JUDGES—DISQUALIFICATION—
COMPETENCY HEARING.

The Court of Appeals will not reverse a trial court's denial of a
defendant's motion for disqualification of the judge in a nonjury
trial based on the claim that the judge previously presided at
the defendant's competency hearing absent a showing of expo-
sure by the judge to evidence relating directly to the guilt or
innocence of the defendant, a preconceived notion as to defend-
ant's innocence or guilt, or a showing on the record of actual
prejudice or bias.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *James J. Gregart,*

REFERENCE FOR POINTS IN HEADNOTE
5 Am Jur 2d, Appeal and Error § 843.

Prosecuting Attorney, and *Stephen M. Wheeler,* Chief of Appellate Division, for the people.

*DeVries & Lamb, P.C.,* for defendant on appeal.

Before: D. E. HOLBROOK, JR., P.J., and T. M. BURNS and W. VAN VALKENBURG,* JJ.

D. E. HOLBROOK, JR., P.J. Defendant was charged with two counts of kidnapping, MCL 750.349; MSA 28.581, and two counts of rape, MCL 750.520; MSA 28.788. It was the claim of the prosecution that the defendant forced two girls, at gunpoint, to enter his car following which he drove around for approximately 15 to 20 minutes terminating the drive in a wooded area and forcing them to engage in sexual intercourse.

On the day of trial defendant waived jury trial and moved the trial judge to disqualify himself because he had previously presided at a competency hearing regarding the same defendant and pertaining to the same offenses. Following denial of the motion the case proceeded to trial, defendant raised insanity as a defense and was found guilty on all four counts. Thereafter sentenced to a term of life imprisonment on each conviction, defendant appeals as of right.

While defendant raises three issues on appeal we find but one worthy of discussion. Defendant claims it was reversible error for the trial court to have denied his motion for disqualification on the grounds that the trial judge had presided at a competency hearing involving the defendant relating to the same offenses.

With respect to disqualification of a trial judge there appear to be two lines of cases. In *People v*

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

*Boyd,* 49 Mich App 388; 212 NW2d 333 (1973), the Court held that disqualification is not automatically required if the trial judge has previously presided at a *Walker*[1] hearing, its reasoning being that such a hearing does not relate to the guilt or innocence of the accused. Similarly in *People v Grable,* 57 Mich App 184; 225 NW2d 724 (1974), this Court distinguished cases involving strong indications of prejudice and ruled that prejudice would not be presumed in a case where a trial judge had heard defendant's guilty plea even though he had been exposed to facts not on record. In that case the Court found that the trial judge had no predisposition of guilt. In *People v Irwin,* 47 Mich App 608; 209 NW2d 718 (1973), this Court reiterated the general rule that a trial judge, who had been exposed to a case prior to trial, would not be disqualified from presiding at trial unless actual prejudice or bias is shown on the record.

While the rule set forth in *Irwin, supra,* is not without exception the line of cases which have held prejudice to exist were situations where the trial court sitting without a jury referred to a preliminary examination transcript and where a trial judge sitting without a jury knew the results of a polygraph examination taken by the defendant. *People v Ramsey,* 385 Mich 221; 187 NW2d 887 (1971), and *People v Hale,* 72 Mich App 484; 250 NW2d 103 (1976). In both of these cases obvious prejudice could result because the trial court had before it evidence which directly related to the innocence or guilt of the accused. These represent the second line of cases.

In denying defendant's pretrial motion for disqualification the trial judge reviewed his memory

---

[1] *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965).

and his notes made during the competency hearing and stated he knew nothing about the case and had no preconceived ideas about it. We find the instant case to be analogous to *Boyd* and *Grable,* *supra,* where the trial court was not exposed to evidence relating to the guilt or innocence of the accused and where the court had no preconceived notion as to the guilt or innocence of the defendant. The evidence presented at the competency hearing related to defendant's mental state at the time of trial and did not affect defendant's insanity defense which related to his state of mind at the time the offense was committed. Absent exposure by the trial court to evidence relating directly to the guilt or innocence of the accused, a preconceived notion as to defendant's innocence or guilt or a showing on the record of actual prejudice or bias we will not reverse a trial court's denial of a motion for disqualification in a nonjury trial where the trial judge previously presided at a competency hearing. None of the foregoing exists here.

Having examined defendant's two remaining allegations of error we find them to be without merit. *People v Hardesty,* 67 Mich App 376; 241 NW2d 214 (1976), *People v Keeth,* 63 Mich App 589; 234 NW2d 717 (1975), *People v Baker,* 60 Mich App 309; 230 NW2d 409 (1975), *People v Chism,* 390 Mich 104; 211 NW2d 193 (1973).

Affirmed.