ELEY v TURNER

Docket No. 75939. Submitted May 9, 1985, at Detroit. Decided August 28, 1985.

Ralph E. Eley was injured in an automobile accident involving a taxicab owned by Sanchil, Inc., and driven by Andrew Turner. Eley and his wife, Amelia Eley, filed suit in district court against Turner and Sanchil, Inc., seeking damages for his injuries and her loss of consortium. Defendants admitted fault. However, they contended that plaintiff Ralph E. Eley's injuries did not amount to a serious impairment of body function sufficient to overcome the threshold requirement for recovery for noneconomic losses under the no-fault act. Following a jury trial during which a copy of defendant Turner's bad driving record, which had earlier been ruled inadmissible, inadvertently made its way to the jury room, the jury rendered a verdict in favor of plaintiffs. The district court denied a motion for a new trial brought by defendants. On defendants' appeal to the Wayne Circuit Court, the circuit court, Henry J. Szymanski, J., reversed and remanded for a new trial. The Court of Appeals later granted plaintiffs leave to appeal.

The Court of Appeals *held:*

1. Reversal was compelled by the possibility that the jury's damage award may have reflected its desire, after viewing defendant Turner's driving record, to punish defendant Sanchil, Inc., for its continued employment of a bad driver.

2. Plaintiffs' counsel's remarks at closing arguments deprived defendants of a fair trial.

Affirmed.

1. TRIAL — EVIDENCE — EXHIBITS — PREJUDICE.

The submission to a jury of an exhibit which a trial judge had ruled inadmissible constitutes error requiring reversal when

REFERENCES

Am Jur 2d, Trial §§ 30, 31, 127, 251, 258, 307.

Prejudicial effect of misconduct in physically exhibiting to jury objects or items not introduced as evidence—prosecuting attorney. 46 ALR2d 1423.

See also the annotations in the Index to Annotations under Fair and Impartial Trial.

the likelihood of substantial prejudice in the form of a higher damage award against the defendant is too significant to be ignored.

2. Trial — Closing Arguments — Fair Trial.

Counsel's remarks in closing argument by which he attempted to introduce and attribute statements to persons who did not testify, attempted to improperly comment on the evidence based on his own personal experience rather than based on the testimony at trial, and attempted to call into question the honesty and integrity of opposing counsel may be found to have deprived the opposing party of its right to a fair trial.

*Raymond L. Krell, P.C.* (by *Raymond L. Krell*), for plaintiffs.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Michael L. Updike*), for defendants.

Before: WAHLS, P.J., and J. H. GILLIS and S. EVERETT,* JJ.

PER CURIAM. Plaintiffs Ralph E. Eley and Amelia Eley sued for damages for injuries and loss of consortium, respectively, arising out of an accident in which a taxicab, owned by defendant Sanchil, Inc., and driven by defendant Turner, struck the rear of plaintiff Ralph Eley's vehicle. Defendants admitted fault but contested whether Ralph Eley had suffered serious impairment of body function. A district court jury returned a verdict against defendants of $37,500 for Ralph Eley and $1,500 for Amelia Eley. Defendants' motion for a new trial was denied but, on appeal, the circuit court reversed and remanded for new trial. We granted plaintiffs' application for leave to appeal. We affirm the judgment and order of the circuit court.

Two issues are before us for review: whether defendants were denied a fair trial, first, because

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Turner's driving record was taken into the jury room although it had been ruled inadmissible, and, second, because of improper remarks made by plaintiffs' counsel during closing argument.

I

Although the facts of the circumstances surrounding the offer of Turner's driving record, the court's denial of the motion to admit the driving record, and its unexplained appearance in the jury room along with the properly admitted exhibits are not in dispute, the purpose of the exhibit's proposed admission is subject to some dispute. While the underlying concern was that the admittedly bad driving record would prejudice the jury, the plaintiffs purportedly offered the driving record to prove negligent entrustment of a motor vehicle to Turner by Sanchil, Inc. However, Sanchil, Inc., claims that its admission of liability for the accident left only the issues of whether Ralph Eley's injuries constituted a substantial impairment of bodily function, whether Amelia Eley supported her loss of consortium claim, and whether Ralph Eley was in any way comparatively negligent. Nonetheless, plaintiffs never challenged on appeal the propriety of the district court's refusal to allow introduction of the driving record, and, as a result, only the subsequent erroneous submission of the driving record to the jury is before us.

The matter of offering Turner's driving record was first presented to the district court out of the presence of the jury by a motion to reopen plaintiffs' case. Defendants objected, but the trial court allowed plaintiffs to make the offer in the presence of the jury. Before the jury, the court noted that defendants had objected to the admission of the

driving record and that the court had sustained the defendants' objection. It is clear that in whatever manner the Turner driving record came into the hands of the jury, it was inadvertent and was not alleged to be due to any misbehavior by the parties.

On appeal, the circuit court found dispositive the rule concerning jury access to excluded evidence that was set forth in the century-old case of *Scripps v Reilly,* 38 Mich 10 (1878). The court found that plaintiffs' contentions that the jury must not have placed much credence on the inadmissible driving record were mere speculation, and that the totality of the circumstances compelled the conclusion that all reference to the driving record should have been kept from the jury. Plaintiffs now argue that in such cases prejudice is not to be presumed and that defendants failed to demonstrate prejudice. Plaintiffs contend that there was no sufficient probability that the jury was misled or improperly influenced and the error was in fact harmless in view of defendants' admission of liability. Plaintiffs assert that since their attorney gave details of Turner's driving record in his opening remarks, even though the remarks are not evidence, the jury's subsequent receipt of the record was not error requiring reversal.

*Scripps* involved a libel action where counsel, in offering certain newspaper articles as evidence, revealed the substance of the articles to the jury. The Supreme Court found that, even though the lower court refused to admit the articles, the damage had been done. Justice MARSTON put it as follows:

> Everything having a tendency to prejudice or influence a jury in their deliberations which is not legally admissible in evidence on the trial of the

cause, should be, so far as possible, kept from coming to their knowledge during the trial. An impression once made upon the mind of a juror, no matter how, will have more or less influence upon him when he retires to deliberate upon the verdict to be given, and no matter how honest or conscientious he may be, or how carefully he may have been instructed by the court to not permit such incompetent matters to influence him, or have any bearing in the case, it will be very difficult, if not impossible, for him to separate the competent from the incompetent, or to say to what extent his impressions or convictions may be attributed to that which properly should not have been permitted to come to his knowledge. [38 Mich 15.]

The spirit of *Scripps* is embodied in MRE 103(c), which provides:

In jury cases, proceedings shall be conducted, to the extent practicable, so as to prevent inadmissible evidence from being suggested to the jury by any means, such as making statements or offers of proof or asking questions in the hearing of the jury.

*Scripps* is still good law. See *People v Strong,* 404 Mich 357, 363; 273 NW2d 70 (1978), reh den 406 Mich 1103 (1979). The circuit court, in reviewing the district court's refusal to grant a new trial, correctly apprehended that there was no significant difference between the instant case and *Scripps.* Indeed, in our view, the likelihood of a tainted jury award was stronger than that in *Scripps* because the jury not only heard the inadmissible evidence, they were also able to view it and review it as often as they liked during the course of their deliberations on the plaintiffs' damages.

The plaintiffs attempted to analogize this case to

criminal cases which hold that the submission to the jury of documents and exhibits that have not been admitted into evidence does not constitute error requiring reversal unless the error has operated to substantially prejudice the defendant's case. Although *People v Allen,* 94 Mich App 539, 543-544; 228 NW2d 451 (1980), lv den 411 Mich 1044 (1981), and *People v Jones,* 128 Mich App 335; 340 NW2d 302 (1983), do stand for this proposition, we believe that it is obvious that, in civil cases such as the case at bar, the likelihood of substantial prejudice in the form of a higher damage award against the defendant is too significant to be ignored.

Because of the possibility that the jury's damage award may have reflected its desire to punish the corporate defendant for its continued employment of a bad driver, reversal was compelled. Nor can plaintiffs' argument that the fact that their attorney already made reference to the driving record in his opening remarks be countenanced as a reason for allowing the verdict to stand. The real issues of the case, those concerning Ralph Eley's injuries and Amelia Eley's loss of consortium, were too likely sidetracked by the jury's receipt of Turner's driving record. Accordingly, the circuit court did not err in concluding that this error was too substantial to be deemed harmless.

II

In reversing the district court and in granting defendants' motion for a new trial, the circuit court found plaintiffs' counsel's approach in final argument to be "bizarre" and beyond the bounds of good faith advocacy. He concluded that plaintiffs' final argument was offensive to the rule articulated in *Wayne Co Bd of Road Comm'rs v*

*GLS LeasCo, Inc,* 394 Mich 126; 229 NW2d 797 (1975). In *GLS LeaseCo, Inc,* a land condemnation case, the Supreme Court found that the board attorney's abusive treatment and unfounded attacks upon LeasCo's witnesses, his appeal to the jurors' self-interest as taxpayers, and his attacks on LeasCo's lawyer and suggestions that he "bought" testimony required reversal. Justice LEVIN wrote:

> The improper remarks directed at LeasCo's witnesses and lawyer demeaned them in the eyes of the jury. Whether those remarks were calculated to prejudice the jury or instead were innocent overzeal by the board's lawyer, they deprived LeasCo of a fair trial. Irrelevant, disparaging and accusatory remarks divert the attention of the jury from the merits of the case. We appreciate that each side seeks to develop facts harmful to its opponent's case and endeavors in that sense to "prejudice" the jury to its own cause. There is, however, a limit to the excesses which will be excused as zealous advocacy. When the improper conduct of a lawyer exceeds that limit, this Court will be "quick to condemn it in appropriate language."
>
> \*　\*　\*
>
> A substantial doubt regarding the fairness of the trial has been raised by the egregious and repetitive nature of the misconduct of the board's lawyer. On this record, we are not able to say that the jury was not diverted from the merits by the repetitious aspersions, nor could we say that the "mischief done" was cured by the judge's efforts. [394 Mich 138-139].

In the instant case, the district court repeatedly sustained objections to plaintiffs' counsel's remarks. In gauging the tenor of these remarks by plaintiffs' counsel, we would be reluctant to place them in a class with those condemned by the

Supreme Court in *GLS LeasCo, Inc.* Nonetheless, guided by Justice LEVIN's remarks in that case, we are persuaded that the remarks were sufficient to deprive the instant defendants of a fair trial. Plaintiffs' counsel certainly did attempt to introduce and attribute statements in his closing argument to persons who did not testify, he attempted on several occasions to improperly comment on the evidence based on his own personal experience rather than based on trial testimony, and, most troubling, he attempted to call into question the honesty and integrity of his opposing counsel.

Standing alone, perhaps these transgressions should go unredressed. However, taken together with the accidental submission of Turner's driving record to the jury along with the other properly admitted exhibits, the jury award becomes so tainted by prejudice as to demand retrial. We find no error in the circuit court's reversal of the district court and its remand to that court for a new trial.

Affirmed.