ELEY v TURNER

Docket No. 124877. Submitted December 12, 1991, at Detroit. Decided January 13, 1992; approved for publication March 11, 1992, at 9:05 A.M.

Ralph E. Eley brought an action in the 18th District Court against Andrew Turner and Sanchil, Inc., seeking damages for injuries sustained in an automobile accident involving a taxicab driven by Turner and owned by Sanchil. The jury entered a verdict in favor of the plaintiff, and a judgment was entered after the court denied the defendants' motion for a new trial. The defendants appealed, and the Wayne Circuit Court, Henry J. Szymanski, J., reversed and remanded for a new trial. The Court of Appeals, WAHLS, P.J., and J.H. GILLIS and S. EVERETT, JJ., affirmed. 155 Mich App 195 (1985). The Supreme Court denied the plaintiff's application for leave to appeal. 424 Mich 888 (1986). The court file thereafter was lost, and no further action took place until the district court ordered that a pretrial conference be held. Following a jury trial, a judgment in favor of the plaintiff was entered. The district court, Thomas G. Smith, J., ordered the defendants to pay the plaintiff prejudgment interest for the period from the day the complaint was filed until judgment was entered following the second trial. The defendants appealed in the Wayne Circuit Court, arguing that the plaintiff was not entitled to prejudgment interest for the period between the time a new trial was ordered by the circuit court and the pretrial conference was ordered for the new trial. The court, William L. Cahalan, J., reversed in part, holding that the plaintiff was entitled to prejudgment interest for the period between the ordering of the new trial and the time the Supreme Court denied leave to appeal, but not for the period from the denial of leave to appeal to the ordering of the pretrial conference for the new trial. The plaintiff appealed by leave granted.

The Court of Appeals *held:*

The circuit court did not err in holding that the delay

REFERENCES

Am Jur 2d, Interest and Usury §§ 59, 60.

See the Index to Annotations under Prejudgment Interest.

between the denial of leave by the Supreme Court and the ordering of the pretrial conference for the new trial was not the fault of, or caused by, the defendants and that they should not be charged interest for that period of time. Consideration of the defendants' claim that they should not be required to pay prejudgment interest for the period between the ordering of the new trial and denial of leave by the Supreme Court is precluded because the Court of Appeals denied the defendants' cross application for leave to appeal with regard to that issue. Affirmed.

INTEREST — JUDGMENTS — PREJUDGMENT INTEREST — DELAY.

Although, generally, interest is to be paid on money judgments from the date the complaint is filed to the date of satisfaction of the judgment, a court may disallow prejudgment interest for periods of delay where the delay was not the fault of, or caused by, the debtor (MCL 600.6013; MSA 27A.6013).

*Raymond L. Krell, P.C.* (by *Derek A. Hurt*), for the plaintiff.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Michael L. Updike* and *Janet G. Callahan*), for the defendants.

Before: GRIBBS, P.J., and DOCTOROFF and JANSEN, JJ.

PER CURIAM. Plaintiff appeals by leave granted from a circuit court order affirming in part and reversing in part a district court's award of prejudgment interest. Plaintiff argues that the circuit court erred in ruling that plaintiff is not entitled to prejudgment interest from the date plaintiff's application for leave to appeal to the Michigan Supreme Court was denied to the date proceedings resumed in the district court. We affirm.

The facts in this case, which arises out of a September 15, 1977, automobile accident, are not in dispute. Plaintiff's complaint was filed in the Wayne Circuit Court in November 1979. The case was remanded to the district court and tried be-

fore a jury in October 1982. The jury entered a verdict in favor of plaintiff. The trial court's denial of defendants' motion for a new trial was reversed by the circuit court in an opinion and order entered on December 20, 1983. This Court granted plaintiff's application for leave to appeal and on August 28, 1985, affirmed the circuit court's order. *Eley v Turner,* 155 Mich App 195; 399 NW2d 28 (1985). On February 25, 1986, the Michigan Supreme Court denied plaintiff's application for leave to appeal. 424 Mich 888 (1986). No further action took place until August 28, 1987, when the district court ordered that a pretrial conference be held on September 28, 1987. A second jury trial took place in October 1988. The jury returned a verdict in favor of plaintiff and awarded plaintiff $30,000 in damages. A judgment consistent with the verdict was entered on November 17, 1988.

On December 2, 1988, the district court ordered defendants to pay plaintiff prejudgment interest for the period from the date the complaint was filed until entry of the judgment on November 17, 1988. Defendants appealed the award of interest to the circuit court, arguing that plaintiff was not entitled to prejudgment interest for the period from the entry of the order reversing the district court's denial of defendant's motion for a new trial (December 20, 1983) until the entry of the order scheduling a pretrial conference (August 28, 1987). However, defendants paid plaintiff the amount of the jury's verdict plus the accrued interest from the date the complaint was filed until December 20, 1983. The circuit court held that plaintiff was entitled to prejudgment interest during the time he was pursuing appellate remedies (from December 20, 1983, to February 24, 1986), but was not entitled to prejudgment interest from the time the Michigan Supreme Court denied plaintiff's applica-

tion for leave until the pretrial conference was ordered (from February 25, 1986, to August 28, 1987). The explanation for the delay from February 25, 1986, to August 28, 1987, was that the court file was lost in the process of being sent from the Michigan Supreme Court to the district court.

Plaintiff argues that he is entitled to prejudgment interest for the entire period from November 21, 1979, until satisfaction of the judgment. We disagree.

MCL 600.6013; MSA 27A.6013 provides that interest is to be paid on money judgments from the date the complaint is filed to the date of satisfaction of the judgment. This Court has held that a court may disallow prejudgment interest for periods of delay where the delay was not the fault of, or caused by, the debtor. *Heyler v Dixon*, 160 Mich App 130, 152-153; 408 NW2d 121 (1987); *Rodriguez v Solar of Michigan, Inc*, 191 Mich App 483; 478 NW2d 914 (1991). The circuit court held that the delay from February 25, 1986, to August 28, 1987, was not the fault of, or caused by, defendants and that they should not be charged interest for that period of time. We find no error in the circuit court's ruling.

In addition, we reject defendants' assertion that, despite the denial of defendants' cross application for leave to appeal with regard to this issue, we may consider their claim that they should not have to pay prejudgment interest for the period between December 20, 1983, and February 24, 1986.

Affirmed.