MAYS v SCHELL

Docket No. 253816. Submitted August 3, 2005, at Lansing. Decided
October 13, 2005, at 9:20 a.m. Leave to appeal sought.

Patricia Mays brought a medical malpractice action in the Saginaw
Circuit Court against Gerald Schell, M.D.; Saginaw Valley Neuro-
surgery, P.C.; and St. Mary's Medical Center of Saginaw, with the
jury finding no cause of action. During its deliberations, the jury
requested and was provided with the plaintiff's complete medical
records. However, the jury was also inadvertently provided with a
defense attorney's trial file box, which contained numerous docu-
ments and materials that were not admitted into evidence. The
plaintiff moved for a new trial, which the court, Lynda A. Heath-
scott, J., granted. Schell and Saginaw Valley Neurosurgery ap-
pealed.

The Court of Appeals *held*:

The consideration of documents that are not admitted into
evidence, but are submitted to the jury, does not constitute error
requiring reversal unless the error operated to substantially
prejudice a party's case. The trial court abused its discretion in
granting a new trial for plaintiff. The record does not reflect that
the jury actually looked at, let alone relied on, the material not
admitted into evidence. There was no basis for the trial court to
conclude that the plaintiff was substantially prejudiced by the
mistake of supplying the materials to the jury.

Order for new trial vacated.

COOPER, P.J., dissenting, stated that the jury room must be
kept free of evidence not received during trial and that if such
evidence is present and prejudicial, it vitiates the verdict. Given
the large volume of information that was improperly and
erroneously sent into the jury room and the fact that this
information was intermingled with exhibits that had been
placed before the jury, further inquiry into the prejudicial effect
on the jury's verdict was unnecessary. There was a real and
substantial possibility that the inappropriate material affected
the outcome of the case. The trial court validly exercised its
discretion to order a new trial.

JURY — DOCUMENTS NOT ADMITTED AS EVIDENCE.

The submission to the jury of documents not admitted into evidence does not constitute error requiring reversal unless substantial prejudice to a party occurs as a result of the jury having considered the documents.

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Samuel A. Meklir* and *Richard G. Brewer*), for Patricia Mays.

*Collins, Einhorn, Farrell & Ulanoff, P.C.* (by *Noreen L. Slank* and *Regina T. Delmastro*), for Gerald Schell, M.D.; and Saginaw Valley Neurosurgery, P.C.

Before: COOPER, P.J., and BANDSTRA and KELLY, JJ.

KELLY, J. In this medical malpractice case, defendants appeal by leave granted the trial court's order granting plaintiff's motion for a new trial on the basis of evidence not admitted at trial being submitted to the jury. We vacate the order granting a new trial.

### I. FACTS

Defendant Gerald Schell, M.D., performed two back surgeries on plaintiff. Plaintiff alleged that Dr. Schell's failure to render timely and effective treatment resulted in her paralysis. In an approximately three-week trial, nine witnesses testified, seven of whom were experts, and 40 exhibits were admitted, including numerous medical records.

During deliberations, the jury requested plaintiff's complete medical records, including MRIs (magnetic resonance imaging), CTs (computerized tomography), myleograms, and a light box. Pursuant to the court's policy, instead of providing the exhibits specifically requested by the jury, all the trial exhibits were pre-

sented to the jury. Unfortunately, the jury was also
erroneously given defense counsel's banker's box,
which contained numerous items never admitted at
trial, including: medical records; deposition transcripts,
including one questioning plaintiff's expert about his
censure by the American Association of Neurosurgeons;
testimonial history of expert witnesses; deposition sum-
maries; memos to the file; memoranda of law, including
one on the ability of defense counsel to cross-examine
on an expert's censure; some marked exhibits; corre-
spondence between Dr. Schell and defense counsel;
correspondence between Dr. Schell and Pronational
Insurance Company; and defense counsel's notes. After
the jury rendered its verdict of no cause of action and
was discharged, the trial court's clerk retrieved the
exhibits from the jury room and found that some[1] of the
exhibits were intermixed with the contents of defense
counsel's banker's box. The trial court contacted both
parties and scheduled a hearing to determine what
should be done about the error.

At the hearing, plaintiff moved for a new trial,
arguing that it was the only appropriate remedy given
the jury's exposure to the prejudicial documents in the
banker's box. However, plaintiff objected to re-calling
the jury for questioning to ascertain whether the jurors
looked at the items in the banker's box. Defendants
countered that the trial court was obligated to first
review the materials in the box to determine if they
were substantially prejudicial to plaintiff's case and to
poll the jurors to determine whether they even relied on
any of the items in the box. The trial court took the
matter under advisement and, four months after the
motion was first heard, ultimately granted plaintiff's
motion. The trial court concluded that the unadmitted

---

[1] It is unclear from the record what items, exactly, were intermixed.

materials in the banker's box were prejudicial and reasoned that because of the quantity and complexity of the exhibits in the case, it would be impossible to determine with any certainty if the jury relied on the prejudicial materials in reaching its verdict.

## II. ANALYSIS

Defendants argue that the trial court erred when it granted plaintiff's motion for a new trial because plaintiff failed to establish substantial prejudice by the submission to the jury of the unadmitted evidence. We agree. We review a trial court's decision to grant a motion for a new trial for an abuse of discretion. *Wiley v Henry Ford Cottage Hosp*, 257 Mich App 488, 498; 668 NW2d 402 (2003). "An abuse of discretion occurs when the decision is so violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or an exercise of passion or bias." *Id.*

"The consideration of documents that are not admitted into evidence but are submitted to the jury does not constitute error requiring reversal unless the error operated to substantially prejudice the party's case." *Phillips v Deihm*, 213 Mich App 389, 402-403; 541 NW2d 566 (1995); see also *Beasley v Washington*, 169 Mich App 650, 660; 427 NW2d 177 (1988); *Eley v Turner*, 155 Mich App 195, 200; 399 NW2d 28 (1986). In describing what constitutes actual prejudice under these circumstances, our Supreme Court in *People v McCrea*, 303 Mich 213, 266; 6 NW2d 489 (1942), quoting 16 RCL, pp 302-303), held:

> "When by mistake or inadvertence on the part of a juryman or the court, or even through error of judgment on the part of the court, an article has been taken to their [sic] room by the jury which ought not to have been, then before a verdict will be set aside for that cause, it must appear,

either from examination of the objectionable article itself, or from the facts properly presented by the bill of exceptions, that such article must have been, in the nature of the case, or in point of fact was, considered by the jury in arriving at the conclusion reached by their [sic] verdict."

In this case, while the record is clear that the banker's box was presented to the jury, plaintiff, the moving party, did not prove—indeed objected to eliciting proof—that the jury even looked at the items in the box, let alone considered any item. Under the circumstances, it is possible that the jury simply found the evidence it requested and only reviewed that evidence leaving the contents of the banker's box unviewed. In other words, because the record does not reflect that the jury actually looked at, let alone relied on, the materials not admitted into evidence, there was no basis for the trial court to conclude that plaintiff was substantially prejudiced by the mistake. Because the trial court's ruling was based on mere speculation rather than established fact, and because the trial court granted a new trial before it determined whether plaintiff actually suffered any prejudice, we conclude that it abused its discretion in granting plaintiff's motion for a new trial.

Order for a new trial vacated.

BANDSTRA, J., concurred.

COOPER, P.J. (*dissenting*). I must respectfully dissent from the majority opinion of my colleagues. The jury room is sacrosanct,[1] and the trial court properly determined that this invasion entitled plaintiff to a new trial. I would, therefore, affirm.

" '[I]t is perfectly plain that the jury room must be kept free of evidence not received during trial and that

---

[1] *People v Freeman*, 57 Mich App 90, 92; 225 NW2d 171 (1974).

its presence, if prejudicial, will vitiate the verdict.' "[2] If a jury considers extraneous information not introduced into evidence, the parties are denied their constitutionally protected rights of confrontation, cross-examination, and the effective assistance of counsel.[3] The moving party must establish "that the jury was exposed to extraneous influences" and that there was "a real and substantial *possibility* that [those influences] *could have affected* the jury's verdict."[4] In making this determination, a court may consider

> "(1) whether the material was actually received, and if so how; (2) the length of time it was available to the jury; (3) the extent to which the [jury] discussed and considered it; (4) whether the material was introduced before a verdict was reached, and if so at what point in the deliberations; and (5) any other matters which may bear on the issue of the reasonable possibility of whether the extrinsic material affected the verdict."[5]

It is undisputed in this case that, based completely on trial court error, the jury was given an entire banker's box of information never admitted at trial, including inadmissible evidence and defense counsel's personal notes on the case. Several of the documents directly attacked the credibility of plaintiff's expert witness. The information was available to the jury for several hours while it deliberated.[6] Moreover, this error was not

---

[2] *People v Keeth*, 63 Mich App 589, 593; 234 NW2d 717 (1975), quoting *Dallago v United States*, 138 US App DC 276, 283-284; 427 F2d 546 (1969).

[3] *People v Budzyn*, 456 Mich 77, 88; 566 NW2d 229 (1997), writ of habeas corpus gtd *Nevers v Killinger*, 990 F Supp 844 (ED Mich, 1997).

[4] *Id.* at 88-89 (emphasis added).

[5] *Id.* at 89 n 11, quoting *Marino v Vasquez*, 812 F2d 499, 506 (CA 9, 1987).

[6] See *Eley v Turner*, 155 Mich App 195, 199; 399 NW2d 28 (1986) (noting the strong likelihood that the jurors would be tainted by the

discovered until two days after the jury had rendered its verdict and the jurors had been formally dismissed from service. It is undisputed that, when the information was retrieved from the jury room, several exhibits were discovered intermingled with these inadmissible and privileged documents. It was obvious " 'from an examination of the objectionable article itself . . . that such article must have been, in the nature of the case, or in point of fact was, considered by the jury in arriving at the conclusion reached by their verdict.' "[7] Based on the large volume of information that was improperly and erroneously sent into the jury room, and the fact that this information was intermingled with exhibits that had been placed before the jury, further inquiry into the prejudicial effect on the jury's verdict was unnecessary. Contrary to the majority opinion, it does not matter which exhibits were intermingled. What matters is that these trial exhibits were found intermingled with the defense attorney's personal notes. This was highly improper and blatant error. There was more than a real and substantial possibility that the inappropriate material in the banker's box affected the outcome of this case.

Under the circumstances, the trial court's decision to order a new trial was "a valid exercise of discretion" and this Court is duty-bound to affirm.[8] "An abuse of discretion involves far more than a difference in judicial opinion."[9]

---

receipt of evidence not admitted at trial as they are "able to view it and review it as often they like[] during the course of their deliberations").

[7] *People v McCrea*, 303 Mich 213, 266; 6 NW2d 489 (1942) (citation omitted).

[8] *Alken-Ziegler, Inc v Waterbury Headers Corp*, 461 Mich 219, 227; 600 NW2d 638 (1999).

[9] *Id.*

"To warrant this Court in [sic] interfering in matters so
entirely in the sound discretion of the circuit court as the
granting or refusing of a new trial, the abuse of discretion
ought to be so plain that, upon consideration of the facts
upon which the court acted, an unprejudiced person can
say that there was no justification or excuse for the
ruling."[10]

The trial court's decision to order a new trial was based
on the submission to the jury of highly prejudicial
information not presented at trial. This determination
was in no way "palpably and grossly violative of fact and
logic . . . ."[11] My colleagues in the majority have inap-
propriately substituted their judgments for that of the
trial court.[12] I would defer to the trial court's sound
judgment and affirm.

---

[10] *Id.* at 228, quoting *Detroit Tug & Wrecking Co v Gartner*, 75 Mich
360, 361; 42 NW 968 (1889).

[11] *Spalding v Spalding*, 355 Mich 382, 384-385; 94 NW2d 810 (1959).

[12] *Alken-Ziegler, supra* at 228.