LINDBERG v LIVONIA PUBLIC SCHOOLS

Docket No. 181942. Submitted June 11, 1996, at Detroit. Decided October 11, 1996, at 9:10 A.M.

Craig Lindberg brought an action in the Wayne Circuit Court against the Livonia Public Schools and another, seeking damages for injuries suffered by the plaintiff, a paraplegic who is confined to a wheelchair, at a vocational training center operated by the Livonia Public Schools while the plaintiff was retraining to be a welder. The plaintiff alleged that the defendants violated his civil rights under the Michigan Handicappers' Civil Rights Act, MCL 37.1101 *et seq.*; MSA 3.550(101) *et seq.*, that the defendants were grossly negligent in failing to adequately supervise the plaintiff, and that the injury was caused by a defective welding booth. The court, James R. Chylinski, J., granted summary disposition for the defendants. The plaintiff appealed.

The Court of Appeals *held*:

1. The defendants fully sustained their burden of demonstrating that they had accommodated the plaintiff's handicap. Summary disposition was proper under MCR 2.116(C)(10).

2. The evidence does not support the contention that the individual defendant acted in a grossly negligent manner. Summary disposition was proper under MCR 2.116(C)(7).

3. The plaintiff withdrew his claim that his injury was caused by the defective design of the welding booth.

Affirmed.

1. CIVIL RIGHTS — HANDICAPPERS' CIVIL RIGHTS ACT — BURDEN OF PROOF.

A person shall accommodate a handicapped individual for purposes of employment, public accommodation, public service, education, or housing unless the person demonstrates that the accommodation would impose an undue hardship; the burden of proof is on the handicapped individual to show that the person failed to accommodate the handicap (MCL 37.1102[2]; MSA 3.550[102][2]).

2. CIVIL RIGHTS — HANDICAPPERS' CIVIL RIGHTS ACT — ACCOMMODATIONS.

Although the Handicappers' Civil Rights Act expressly places an obligation upon an institution or employer to make certain accommodations to a handicapped individual, it does not impose upon them

the additional obligation to determine which accommodations are necessary to respond to each individual's distinct handicap or special needs.

3. CIVIL RIGHTS — HANDICAPPERS' CIVIL RIGHTS ACT — WORDS AND PHRASES — "ACCOMMODATED."

A handicapped individual who has not been denied anything by an institution or employer in terms of the individual's special requests for accommodation has been properly "accommodated" under the Handicappers' Civil Rights Act (MCL 37.1102[2]; MSA 3.550[102][2]).

*Law Offices of Samuel I. Bernstein* (by *R. John Anderson* and *Michael L. Battersby*), for the plaintiff.

*Keller, Thoma, Schwarze, Schwarze, DuBay & Katz, P.C.* (by *Terrence J. Miglio* and *Brian A. Kreucher*), for the defendants.

Before: MICHAEL J. KELLY, P.J., and MARKMAN and J. L. MARTLEW,* JJ.

MARKMAN, J. Plaintiff appeals as of right an order of the circuit court granting summary disposition of his complaint for defendants.[1] The present case arose out of a burn injury suffered by plaintiff at the Livonia Career Center, a vocational training center within the Livonia Public School system, while he was retraining to be a welder. Plaintiff's complaint alleged that defendants violated his civil rights under the Michigan Handicappers' Civil Rights Act, MCL 37.1101 *et seq.*; MSA 3.550(101) *et seq.*, that defendants were grossly negligent in failing to adequately supervise plaintiff, and that plaintiff's injury was caused by a defective

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] John Doe has been identified as Monte Shettler, a former welding instructor in the Livonia Public Schools. Shettler retired after the 1993-94 school year, after approximately twenty-seven years of employment with the Livonia Public Schools.

welding booth, requiring application of the public building exception to the defense of governmental immunity. We affirm.

Plaintiff, who is confined to a wheelchair, had been a welder for nine years before he became a paraplegic as the result of a motorcycle accident in 1992. In an effort to continue his welding career following his accident, plaintiff sought out the evaluation of the individual defendant, his former welding instructor at the Livonia Career Center. On the day of his first visit to the center, he met with his former instructor, who asked him what accommodations he would require in order to practice his welding. Plaintiff stated that he was satisfied with the work area and the welding booth and requested only that a table inside the booth be moved in order to make the booth more accessible.

When plaintiff returned for his next visit to the center, the table had been properly moved, plaintiff put on his safety gloves and helmet with glasses, and an assistant put a leather apron on plaintiff that covered his legs, feet, and wheelchair. Plaintiff stated that he felt "very, very comfortable and very safe" in the equipment provided by the center. Plaintiff proceeded to complete three or four welds under periodic observation. After completing his welds, however, plaintiff lifted his helmet and saw flames coming from underneath the leather apron. He yelled out for help and the assistant extinguished the flames. Plaintiff suffered third-degree burns.

The Michigan Handicappers' Civil Rights Act provides that, "[e]xcept as otherwise provided in article 2, a person shall accommodate a handicapper for purposes of employment, public accommodation, public

service, education, or housing unless the person demonstrates that the accommodation would impose an undue hardship." MCL 37.1102(2); MSA 3.550(102)(2). The burden of proof is on the plaintiff to show that the defendant has failed to "accommodate" the handicap. *Hall v Hackley Hosp*, 210 Mich App 48, 54; 532 NW2d 893 (1995). To establish a prima facie case under the act, plaintiff must show that he was not afforded an "equal opportunity" to secure his vocational education. *Crancer v Univ of Michigan Bd of Regents*, 156 Mich App 790, 795; 402 NW2d 90 (1986).

Plaintiff argues that defendants failed to accommodate his handicap and therefore denied him an "equal opportunity" to secure a vocational education. However, it appears that defendants responded to every request made by plaintiff regarding what he considered to be necessary to enable him to obtain vocational training in light of his handicap. It is not reasonable to expect that an institution or an employer will be better aware of the needs of a handicapped individual than the individual himself. Where an individual has not been denied anything by an institution or employer in terms of his special requests, it is difficult for us to conclude that he has not been properly "accommodated."[2] This is particularly true where, as here, there is no special knowledge of the task to be performed known only by the institution or employer and not by the plaintiff. While the handicappers' act expressly places an obligation upon an institution or

---

[2] *Webster's Seventh New Collegiate Dictionary* (1972) defines "accommodation" as "something supplied for convenience or to satisfy a need." We are, of course, not indicating here that a person might not be fully "accommodated" even though he has been *denied* some or all of his special requests.

employer to make certain accommodations to a handicapped individual, it does not impose upon them the additional obligation to determine which accommodations are necessary to respond to each individual's distinct handicap or special needs. Indeed, in the present case, it is unclear what additional "accommodations" would have been sufficient to avoid plaintiff's injury because he admitted during his deposition that he did not believe that the accident was caused by the fact that he had decreased sensation in his legs. We find that defendants fully sustained their burden of demonstrating that they had accommodated plaintiff's handicap and that summary disposition was proper pursuant to MCR 2.116(C)(10).[3]

We also reject plaintiff's contention that the individual defendant acted in a grossly negligent manner in failing to ensure plaintiff's safety. "Gross negligence" is defined as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(2)(c); MSA 3.996(107)(2)(c). In particular, plaintiff argues that the individual defendant was grossly negligent because he never inquired into plaintiff's abilities or limitations concerning the practice welding. However, the individual defendant asked plaintiff how his handicap could be accommodated, in fact accommodated plaintiff, provided him with acceptable safety equipment, and saw to it that he was periodically monitored. Under these circumstances, the individual defendant cannot be said to have been "grossly negligent" in his conduct and,

---

[3] Summary disposition was also properly granted for the governmental defendant under MCL 691.1407(1); MSA 3.996(107)(1), which provides that all governmental agencies shall be immune from tort liability when engaged in the exercise or discharge of a governmental function.

therefore, summary disposition was properly granted pursuant to MCR 2.116(C)(7).

Finally, plaintiff has withdrawn at oral argument his contention that his injury was caused by the defective design of the welding booth and, therefore, that the public building exception, MCL 691.1406; MSA 3.996(106), applied to the governmental defendant's assertion of governmental immunity. MCL 691.1407(1); MSA 3.996(107)(1).

Affirmed.

MICHAEL J. KELLY, P.J. I concur in the result only.