DEDES v ASCH

Docket No. 200183. Submitted April 21, 1998, at Detroit. Decided December 29, 1998, at 10:00 A.M. Leave to appeal sought.

Michael R. and Jean L. Dedes, as co-personal representatives of the estate of their daughter Adrian Dedes and next friends of their daughter Lauren L. Dedes, brought an action in the Oakland Circuit Court against Jeanne Asch, Director of Transportation of the South Lyon Community Schools, and Joan Shifferd, a school bus driver, and others, alleging negligence with regard to the death of Adrian Dedes and the injury of Lauren Dedes, which occurred when they were struck by an automobile while waiting for their school bus at their designated bus stop. The court, Hilda R. Gage, J., granted summary disposition for Asch and Shifferd, ruling that because neither the alleged gross negligence by Asch nor that of Shifferd was the proximate cause of the children's injuries, Asch and Shifferd enjoyed governmental immunity under MCL 691.1407; MSA 3.996(107). The Court of Appeals, CORRIGAN, P.J., and WEAVER, J. (CONNOR, J., dissenting), affirmed the decision of the trial court. 199 Mich App 385 (1993). The Supreme Court reversed the decision of the Court of Appeals and remanded the case to the trial court for further proceedings, holding that use of the word "the" in the governmental immunity statute before the words "proximate cause" is not to be read to limit recovery in a case in which the conduct of a government employee constitutes gross negligence and the plaintiff or another person is also a cause of an accident, nor is it to be read to prevent a defendant from claiming comparative negligence as a defense. 446 Mich 99 (1994). On remand, a jury returned a verdict in favor of the estate of Adrian Dedes and against Asch and Shifferd, but reduced its award of damages by eighty-five percent for Adrian Dedes' comparative negligence. The jury also returned a verdict and award of damages in favor of Lauren Dedes and against Asch and Shifferd. The plaintiffs appealed, claiming that the trial court erred in allowing the reduction of damages for comparative negligence to be applied to all claimants to the estate of Adrian

Dedes, not just to Michael and Jean Dedes. Asch and Shifferd cross appealed, claiming that the trial court erred in denying them judgment notwithstanding the verdict and in not staying prejudgment interest for the period when the plaintiffs appealed the trial court's grant of summary disposition for Asch and Shifferd.

The Court of Appeals *held*:

1. The plaintiffs waived appellate review of their claim regarding apportionment of comparative negligence. The plaintiffs did not request a jury instruction for the apportionment they seek, and the special verdict form they approved did not allow for such apportionment.

2. The trial court erred in not granting Asch judgment notwithstanding the verdict. The evidence does not support a finding that Asch committed gross negligence, i.e., conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results. In the absence of gross negligence by Asch, she is, under the governmental immunity statute, immune from tort liability.

3. The trial court did not err in denying Shifferd judgment notwithstanding the verdict. There was sufficient evidence from which the jury could find that Shifferd was grossly negligent and that her gross negligence was the proximate cause of the children's injuries.

4. Prejudgment interest as required by MCL 600.6013; MSA 27A.6013 from the date of the filing of the complaint may be disallowed for periods of delay not the fault of, or caused by, the judgment debtor. Here, prejudgment interest should be stayed for the period during which the plaintiffs appealed the trial court's grant of summary disposition for Asch and Shifferd. The matter must be remanded to the trial court for recalculation of interest.

Affirmed in part, reversed in part, and remanded.

KELLY, J., concurring in part and dissenting in part, stated that the case should be remanded for a reallocation of comparative negligence among the claimants to the estate of Adrian Dedes, concluding that the plaintiffs did not waive the issue of allocation and that the trial court erred in applying the comparative negligence reduction in damages to all claimants, even to those of the decedent's siblings who were not at the accident and to Lauren Dedes, whom the jury found to have been not negligent.

1. MOTIONS AND ORDERS — JUDGMENT NOTWITHSTANDING THE VERDICT.

A court deciding a motion for judgment notwithstanding the verdict must review the evidence and all legitimate inferences in a light

most favorable to the nonmoving party and should grant the
motion only if the evidence fails to establish a claim as a matter of
law.

2. NEGLIGENCE — PROXIMATE CAUSE

Proximate cause is established with proof of cause in fact and legal
cause; cause in fact requires a showing that but for the defendant's
actions, the plaintiff's injury would not have occurred.

3. INTEREST — PREJUDGMENT INTEREST.

Prejudgment interest may be disallowed for periods of delay not the
fault of, or caused by, the judgment debtor (MCL 600.6013[1],[6];
MSA 27A.6013[1],[6]).

*Lopatin, Miller, Freedman, Bluestone, Herskovic,
Heilmann & Domol* (by *Richard E. Shaw*), for the
plaintiffs.

*Kohl, Secrest, Wardle, Lynch, Clark, and Hampton*
(by *Janet Callahan Barnes*), for the defendants.

Before: JANSEN, P.J., and KELLY and MARKEY, JJ.

JANSEN, P.J. Following a jury trial, the jury returned
a verdict in favor of the estate of Adrian Dedes in the
amount of $1,095,000, less eighty-five percent compar-
ative negligence attributed to "plaintiff, Estate of
Adrian Dedes," finding defendant Jeanne Asch five
percent grossly negligent and defendant Joan Shifferd
ten percent grossly negligent. The jury also returned a
verdict in favor of Lauren Dedes in the amount of
$52,000, finding Asch thirty-five percent grossly negli-
gent and Shifferd sixty-five percent grossly negligent.
Plaintiffs appeal as of right from the trial court's
denial of their motion for apportionment of compara-
tive negligence among the claimants to the estate of
Adrian Dedes. On cross appeal, defendants appeal as
of right from the trial court's denial of their motion
for a directed verdict or judgment notwithstanding
the verdict and an order denying their motion to stay

interest. We affirm in part, reverse in part, and remand for further proceedings.

This case, which has a long appellate history,[1] arose out of an automobile accident in which eight-year-old Lauren Dedes was injured and ten-year-old Adrian Dedes was killed when they were struck by an automobile while awaiting their school bus on June 2, 1989. The children were waiting for the bus on Ten Mile Road, a divided highway with a posted speed limit of fifty miles an hour, at the top of a hill. The children were required to cross Ten Mile Road to board the school bus. Where the children were told to wait for the bus was disputed below. Apparently, the Dedes children were holding hands and attempting to cross the road when they were struck by an automobile driven by Anthony Neumaier.[2] Plaintiffs alleged that Asch, the transportation supervisor for the school district, was grossly negligent in that she established the waiting area for the bus stop too close to the roadway, failed to provide for pick-up on the children's side of Ten Mile Road, and, when she heard complaints about the children standing too close to the road, failed to follow up to assure that the matter had been resolved. Plaintiffs further alleged that Shif-

---

[1] See *Dedes v Asch*, 446 Mich 99; 521 NW2d 488 (1994), which reversed *Dedes v South Lyon Community Schools*, 199 Mich App 385; 502 NW2d 720 (1993).

[2] Plaintiffs originally filed suit against Anthony Neumaier, Neumaier's father James (the owner of the automobile), the Oakland County Road Commission, and the South Lyon School District. Plaintiffs ultimately settled their claims with the Neumaiers and the road commission, and the school district was granted summary disposition by the trial court.

ferd, the school bus driver, was grossly negligent by instructing the children to wait with their toes touching the pavement of the road or they would not be picked up by the bus.

I

Plaintiffs' sole issue on appeal is whether the trial court erred in applying the comparative negligence assessed against the estate of Adrian Dedes to all of the claimants to the estate. The claimants to the estate were Adrian's mother and father, her sister Lauren (also a plaintiff in this matter), and two other siblings. Plaintiffs argue that the trial court should have assessed the eighty-five percent comparative negligence against the parents only, and the siblings' portion of the award should not have been reduced for comparative negligence because two of them were not even present at the time of the accident and Lauren was specifically found by the jury not to have been comparatively negligent.

We find that plaintiffs have waived this claim for appellate review. In the present case, before the jury instructions were given, the parties discussed the propriety of giving a comparative negligence instruction regarding Adrian's parents. Plaintiffs' counsel indicated that there were claims to the estate other than the parents' claims and, therefore, a comparative negligence instruction should not be given broad application to the estate. In fact, plaintiffs' counsel did not want the trial court to give an instruction to the jury regarding the comparative negligence of the parents and counsel did not want the trial court to give a jury instruction regarding each party's comparative negli-

gence. Plaintiffs' counsel specifically asked for a combined version of comparative negligence, asking only what percentage of the negligence that the estate bore.[3]

Moreover, plaintiffs' counsel helped to prepare the special verdict form that was given to the jury. The special verdict form advised the jury that the trial court would "reduce the total amount of the plaintiff, Estate of Adrian Dedes' damages . . . by the percentage of fault attributable to the plaintiff, Estate of Adrian Dedes." Plaintiffs did not object to the special verdict form. At no time before the jury returned its verdict did plaintiffs request that the trial court instruct the jury to apportion the relative fault among the different parties. Finally, we note that at the posttrial motion requesting that the trial court apportion relative fault to each of the parties, plaintiffs' counsel conceded that he did not request a verdict form that separated each party's relative fault.

Under these circumstances, plaintiffs have forfeited any claim of error with respect to the instructions or verdict form concerning the comparative negligence apportionment. MCR 2.516(C) states that a "party may assign as error the giving of or failure to give an instruction only if the party objects on the record before the jury retires to consider the verdict." Similarly, MCR 2.514(A) states that if a special verdict form is required, the trial court shall settle the form

---

[3] We note that it was defendants' counsel who initially requested that the trial court give a special instruction regarding the comparative negligence of the parents. After further discussing the issue in chambers, the trial court declined to give defendants' requested instruction regarding the comparative negligence of the parents. This was plaintiffs' position at the time.

of the verdict in advance of argument and in the absence of the jury. In the present case, plaintiffs have clearly waived the issue of apportionment of comparative negligence with respect to the jury's instructions and the special verdict form. Plaintiffs should have requested an instruction that the jury apportion negligence separately with regard to the parents and the siblings, but they clearly elected not to do so. Accordingly, plaintiffs have waived this issue. See *Phinney v Perlmutter*, 222 Mich App 513, 544; 564 NW2d 532 (1997) ("a party may not take a position in the trial court and subsequently seek redress in an appellate court on the basis of a position contrary to that taken in the trial court").

II

On cross appeal, defendants argue that the trial court erred in denying their motion for judgment notwithstanding the verdict (JNOV).[4] They contend that there was no evidence to support the jury's finding that they were grossly negligent or that their actions were a proximate cause of the injuries. The standard of review for JNOV requires review of the evidence and all legitimate inferences in a light most favorable to the nonmoving party. *Orzel v Scott Drug Co*, 449 Mich 550, 557; 537 NW2d 208 (1995). Only if the evidence so viewed fails to establish a claim as a matter of law should a motion for JNOV be granted. *Id.*, p 558.

A

---

[4] The defendants had moved for a directed verdict at the close of plaintiffs' proofs, but the trial court took the motion under advisement and ruled on it after the jury's verdict.

With respect to Asch, we agree with defendants that there was no evidence presented to indicate that she was grossly negligent. Asch, a governmental employee, is immune from tort liability unless plaintiffs showed that her conduct amounted to gross negligence that is the proximate cause of the injury. MCL 691.1407(2)(c); MSA 3.996(107)(2)(c). The statute defines gross negligence as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." *Id.* The evidence showed that Asch was responsible for establishing bus stops. During the 1988-89 school year, the Dedes children were instructed to wait on a grassy knoll that was off the edge of the road, approximately ten feet on the Dedes' property. This waiting area was determined initially by Asch and Shifferd.

At a meeting held on November 15, 1988, with Asch, Shifferd, Mr. and Mrs. Dedes, the school principal, the school social worker, and Adrian Dedes, Asch confirmed with Mrs. Dedes where the children were to wait for the bus. The meeting was in response to complaints that Asch had received about the Dedes children standing too close to the road on some mornings while waiting for the bus. At the meeting, Asch also discussed with the Dedes Adrian's behavior on the bus and her closeness to the road on some mornings. Mrs. Dedes was given a manual that had been prepared concerning the responsibility of the parent as well as the school and the student riding the bus. Mrs. Dedes was also advised of the rules regarding waiting for the bus and staying at least ten feet back from the roadway. Asch told Mrs. Dedes that if the children were unsure about where to stand, then she should paint a line or lay a rope in the yard

for them to wait behind. There was additional evidence that Asch personally went to the bus stop to measure distances to ensure that the designated bus stop complied with all laws.

There was really no other evidence concerning Asch's involvement in this case. Even taken in a light most favorable to plaintiffs and making all reasonable inferences in favor of plaintiffs, this evidence is insufficient to establish that Asch's conduct was so reckless as to demonstrate a substantial lack of concern for whether an injury resulted in establishing the bus stops for the children. See, e.g., *Lindberg v Livonia Public Schools*, 219 Mich App 364, 368; 556 NW2d 509 (1996); *Vermilya v Dunham*, 195 Mich App 79, 83; 489 NW2d 496 (1992). Accordingly, we reverse the jury's verdict against Asch.

B

With respect to Shifferd, we find that there was sufficient evidence presented such that the jury could find that her conduct was grossly negligent. Evidence was presented by Lauren Dedes that approximately two weeks before the accident, Shifferd told her and Adrian that as soon as they saw the bus coming, to wait on the gravel with their toes touching the road or they would not be picked up. Mrs. Dedes also testified that after the accident, Lauren informed her that about a week or week-and-a-half earlier, the bus stop had been changed so that Lauren and Adrian would be waiting directly across from other children boarding the bus in order to expedite the process. There was additional testimony from Mrs. Dedes that Shifferd had earlier told Mrs. Dedes that she wanted the children to stand by the side of the road so that she

could see them in order to stop. There had been problems with the children not being picked up by the bus because the children stood at the top of a hill and the bus driver could not see them. Later, after speaking with Shifferd, Asch, and the school principal about the children not being picked up, Mrs. Dedes was told by Shifferd that Shifferd wanted the children to stand by the mailbox so that she could see them. However, Mrs. Dedes forbade the children from standing so close to the road. Finally, evidence was presented by Asch and defendants' expert that to instruct a child to stand on the gravel portion of the shoulder of Ten Mile Road would show a reckless disregard for the safety of an individual.

Accordingly, we find that sufficient evidence was presented to create a question of fact with respect to whether Shifferd instructed the children to wait by the road. The trial court did not err in denying Shifferd's motion for JNOV with respect to the gross negligence issue.

III

Defendants also argue that there is no evidence that their conduct was the proximate cause of the injuries suffered. To prove proximate cause, plaintiffs had to prove two separate elements: (1) cause in fact and (2) legal cause. *Skinner v Square D Co*, 445 Mich 153, 162-163; 516 NW2d 475 (1994). Defendants attack only the cause in fact element. The cause in fact element generally requires a showing that but for the defendant's actions, the plaintiff's injury would not have occurred. *Id.*, p 163.

Given our resolution that there was no evidence that Asch's conduct could be considered grossly negli-

gent, we need only consider whether Shifferd's conduct could be considered a proximate cause of the children's injuries. While there was no evidence presented to indicate that the automobile that struck the children left the road, there was evidence that Adrian leaned into traffic and her book bag got caught on the automobile and pulled her into it. But for the children being told to stand on the gravel shoulder with their toes touching the road, Adrian would not have been close enough to the road to be able to lean into traffic such that her book bag would be caught on a passing automobile.

Accordingly, taken in a light most favorable to plaintiffs and making all reasonable inferences in favor of plaintiffs, there was a factual question for the jury to resolve regarding the cause in fact of the injuries. The trial court did not err in denying the motion for JNOV on this basis.

IV

Lastly, defendants argue that they should not be held responsible for the accrual of prejudgment interest from the entry of the order in the trial court granting their motion for summary disposition and our Supreme Court's opinion reversing the trial court's order, a period of over four years. This Court reviews de novo the award of prejudgment interest under MCL 600.6013(1); MSA 27A.6013(1). *Phinney, supra,* p 540.

MCL 600.6013(1); MSA 27A.6013(1) provides that interest shall be allowed on a money judgment recovered in a civil action and MCL 600.6013(6); MSA 27A.6013(6) provides that prejudgment interest is calculated from the date of the filing of the complaint.

The purpose of prejudgment interest is to compensate the prevailing party for expenses incurred in bringing actions for money damages and for any delay in receiving such damages. *Phinney, supra,* pp 540-541. However, prejudgment interest may be disallowed for periods of delay not the fault of, or caused by, the debtor. *Id.,* p 541.

Here, we find that the fault for the delay was not attributable to defendants. This case concerned at least one issue of such significance that our Supreme Court agreed to rule on it following an application for leave to appeal sought by the plaintiffs. To allow interest to continue to accrue during an appellate process would hinder parties from asserting new and innovative arguments in the trial court for fear that interest will continue to accrue on a claim that may be reversed during the appeal process. Therefore, because the fault for the delay is not properly attributable to defendants, the trial court erred in granting prejudgment interest for the period that the matter was on appeal. We remand to the trial court for it to recalculate interest from the time of the filing of the complaint until the judgment is satisfied, abating the interest for the period that the matter was on appeal.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. Jurisdiction is not retained.

MARKEY, J., concurred.

KELLY, J. (*concurring in part and dissenting in part*). I think this case should go back to the trial judge's successor to determine the issue of comparative negligence by the various beneficiaries under the rule announced in *Hierta v General Motors Corp*

*(Supplemental Opinion)*, 148 Mich App 796; 384 NW2d 792 (1986). With respect to all other issues, I concur in the results reached by the majority. That is, I disagree with part I, but agree with parts II through IV.

Before closing arguments, there was a discussion regarding the propriety of giving a comparative negligence jury instruction with respect to Adrian's parents. While it is true that plaintiffs' counsel was leery about the effect of such an instruction, it is not correct, I think, to charge the plaintiffs with a waiver of the claims of the other beneficiaries of the estate thereby permitting them to be charged offsets for which there clearly could be no predicate arising out of the siblings' conduct. The jury awarded damages of $1,095,000 for the total loss of all the family members. The jury was instructed to find comparative negligence on the part of only the decedent and the other injured child. It should be clear to any reader of the record that the eight-year-old, Lauren Dedes, was probably not comparatively negligent and the ten-year-old decedent may have been slightly comparatively negligent. The siblings of the deceased child could not have been comparatively negligent and that includes the other injured child as well as Jessica and Michael. Obviously the great weight of the eighty-five percent comparative negligence was laid on the shoulders of the parents. It should be sorted out and adjusted appropriately in the trial court and if that is not possible, a new trial with respect to the issue of comparative negligence only should be granted. In other words, I believe the trial court erred in determining that the sum total of comparative negligence(s) assessed by the jury should redound against

each family member, i.e., should be combined and used to offset the entire verdict. In response to the motion to determine comparative negligence, the trial court ruled that the "combined percentage negligence of any member of the estate reduces all damages awardable under the Wrongful Death Act." In *Byrne v Schneider's Iron & Metal, Inc,* 190 Mich App 176; 475 NW2d 854 (1991), this Court held that the comparative negligence of a parent may not be imputed to and offset against the recovery attributable to a child. This Court further held that

> the trial court did not err in submitting to the jury the issue of the parents' comparative negligence in relation to their recovery for loss of services, society, and companionship. [*Id.* at 189].

Here the allocations of comparative negligence against the damages all but subsumes the verdict.[1] Plaintiffs in their brief on appeal argue the eighty-five percent comparative negligence could be distributed among the various claimants by assigning 42-1/2 percent to the mother, 42-1/2 percent to the father, and nothing to the siblings, thus resulting in a net verdict of $839,000. This presumes that each of the five beneficiaries received an equal share. In another scenario, the siblings could be limited to ten percent each of the damages awarded, resulting in a lower recovery of $692,672 in damages. Plaintiffs do not present a scenario under which each of the parents could have been determined to be eighty-five percent negligent with respect to his or her claim because that would

---

[1] There seems to be some confusion with respect to whether the verdict was $1,035,000, in which event the award would be $155,250, or $1,095,000, in which event it would be $164,250.

result in offsets of one hundred seventy percent with respect to all five discrete claims. No comparative negligence could be assigned to any of the siblings, including Lauren, whom the jury exonerated with respect to her own claim; thus, the clash focuses on the three weights on one side of the scale: the child Adrian; her mother, Jean; and the father, Michael. Are they one lump, two, or three? The majority concludes that the plaintiffs waived this overwhelming issue. That is not correct. During consideration of the jury instructions, defendants first proposed a jury instruction regarding the comparative negligence of the parents. The plaintiffs proposed a jury instruction addressing the comparative negligence of the individual children. Plaintiffs' counsel would have preferred to avoid the defendants' instruction, but the court stated:

> I think this is an appropriate instruction. It's not covered by the regular instructions. Do you want to discuss that? Do you know which one I'm talking about?
>
> *Mr. Domol* [plaintiffs' counsel]: I don't have a copy of those specials [requests?].
>
> *The Court*: In determining the parents claim[s?] for loss of services, society and companionship, you may reduce the recovery by the amount of the parents' comparative negligence. I can't see anything against it. It isn't covered in the standard.
>
> *Mr. Domol*: It wasn't pled that way, and it wasn't tried that way and the instructions of the form that's been done doesn't even address that.
>
> *The Court*: You have a comparative form, don't you, on the estate.
>
> *Mr. Domol*: We have a comparative as to the individual[s?].

The trial court determined that it would instruct the jury with regard to the parents' potential comparative negligence. The following exchange then occurred on the record:

*Mr. Domol*: I'm a little puzzled, I guess, if the court is going to give the instruction that [defendants] requested in regard to the comparative part of the parts . . .

*The Court*: Um-hum

*Mr. Domol*: . . . and give it a broad sweeping overall application to the estate . . .

*The Court*: Um-hum.

*Mr. Domol*: And there are claims in the estate that aren't necessarily the parents.

*The Court*: Oh, but the instruction that I thought I saw was limited to when you're talking about their loss of service to society . . .

*Mr. Domol*: But on the . . .

*The Court*: . . . you may reduce the recovery by the amount of the parents['] comparative negligence.

*Ms. Neal* [defendants' attorney]: That goes to damages, your Honor, in the wrongful death action.

*Mr. Domol*: It may go to the damages in the wrongful death action as to the parents['] individual damages, if I understand the Court's position, but it wouldn't—why should it affect the siblings claims, is my question.

*The Court*: Well, what we do as we live in this ideal world that we think the jury is going to consider the parents['] claim, the siblings['] complaint and we're going to consider all of that. Well, what we're saying is when you're considering the parents, then think in terms of what their negligence—how that produced [sic] and to that extent, that's the law of the state and I think it's appropriate to give.

*Mr. Domol*: And again, I'd point out that was not the way this case—was not an issue in the openings. There was not an issue during the course of the pretrial of this case. I'm frankly surprised that it becomes an issue at this point.

*Ms. Neal*: We have been talking about this jury instructions [sic] from the first day of trial.

*The Court*: Yeah but we—that wasn't there. Let me think about that during the closings and don't argue the instructions. We [sic-you?] can argue comparative and I'll think about it.

This issue was not addressed again before the jury retired to deliberate. The special jury verdict form, which was approved by plaintiffs, did not direct the jurors to apportion relative fault among the claimants if and when they reached a verdict.

In advancing the motion to apportion, it was plaintiffs' position, based on off-the-record discussions with the jurors after trial, that the jury had found Adrian's parents to be comparatively negligent but did not believe that either Adrian or her siblings were negligent. That because of the dictates of the special verdict form, the jury could not and did not apportion comparative negligence against each claimant of the estate. The trial court did not revisit its preargument injunction that you "can argue comparative and I'll think about it," it merely subliminally concluded that *Byrne, supra*, was wrongly decided. Never did the court rule that plaintiffs had waived the issue. Even learned trial judges make mistakes. Under the circumstances and in fairness to the claimants who were not negligent, I believe that this matter should be remanded to the trial court for a new trial solely on the issue of comparative negligence, *Hierta, supra* at 798, unless the parties are able to convince the trial judge's successor of an appropriate allocation of the comparative negligence.