**Mildred Jody SLOAN, individually and as Beneficiary of the Eugene Sloan Irrevocable Trust, Plaintiff,**

v.

**FINSILVER ASSOCIATES, INC., a Michigan corporation, Defendant.**

No. 93–70464.

United States District Court,
E.D. Michigan,
Southern Division.

May 16, 2002.

Roy H. Christiansen, Stephen D. McGraw, Joanne G. Swanson, Fred K. Herrmann, Kerr, Russell, Detroit, MI, for Plaintiff.

John R. Monnich, Monnich, Malloy, Troy, MI, John P. Jacobs, Southfield, MI, for Defendant.

## OPINION AND ORDER

O'MEARA, District Judge.

Before the court is the motion of Plaintiff Mildred Sloan for entry of judgment on a jury verdict rendered in her favor on June 8, 2001. This motion is **GRANTED**, and Plaintiff is ordered to prepare a judgment reflecting the court's findings on the appropriate interest on the judgment as set forth below.

## BACKGROUND FACTS

Plaintiff Mildred Sloan originally filed suit against Defendant Finsilver Associates and Confederation Life Ins. Co. of Canada and/or Confederated Life Ins. and Annuity Co. of Georgia (collectively, "Confederation") in 1993 because Confederation allegedly breached a $1 million life insurance policy of Mrs. Sloan's late husband or Defendant Finsilver Associates ("Finsilver") and Bruce Finsilver, its owner, alleged acted negligently in not enacting said life insurance policy prior to Mr. Sloan's death.

This case has had a long trip through the courts and was originally before Judge Gilmore. Confederation became insolvent in 1994; Judge Gilmore granted a stay of all proceedings due to Confederation's insolvency on January 5, 1995; and on July 23, 1996, he placed the case back on the trial docket. Defendant filed further motions to stay, and that issue was resolved when Plaintiff and Confederation ultimately settled. The first trial against Finsilver only commenced in April 1997 and resulted in a jury verdict for Plaintiff of $250,000, minus a reduction of 40% negligence due to Plaintiff. The insurance policy at issue was for $1 million, but in response to a jury question, the Judge instructed the jury that it could find damages in any amount. After the verdict, upon motion of Plaintiff, the Judge amended the damages amount to be $1 million minus Confederation's settlement and the 40% comparative negligence. Defendant appealed, and the Sixth Circuit on April 20, 2000 found that the jury instructions had been erroneous. The entire verdict was vacated. *Sloan v. Finsilver*, No. 98–1912, 2000 WL 491516, 211 F.3d 1270 (6th Cir.2000).

Upon remand, after Judge Gilmore's retirement, a new trial was held in June 2001. On June 8, 2001, the jury found Defendant liable and Plaintiff 25% compar-

atively negligent. The jury award is for a total of $658,500 ($1 million policy minus settlement with Confederation minus 25%).

On October 1, 2001, Plaintiff moved this court for an entry of judgment. Plaintiff asks for a judgment that reflects the jury award, plus punitive pre-judgment interest based on Defendant's bad faith and statutory post-judgment interest. Alternately, Plaintiff will accept statutory pre- and post-judgment interest. Defendant agrees that it owes interest, but would like the pre-judgment interest abated during the stay re: Confederation and the appeal of the first verdict and argues that punitive interest is not appropriate. Further, Defendant would like collateral discovery about another possible insurance policy of Plaintiff's that *might* offset the jury award before judgment is entered.

## LAW AND ANALYSIS

### A. ABATEMENT OF INTEREST

#### 1. Stay

The parties generally agree that statutory pre-judgment interest from the filing of the complaint to judgment in the second trial is appropriate. They disagree about whether there should be abatements of that interest during the stay and the appeal. Since pre-judgment interest is in fact mandated under M.C.L. § 600.6013(1) and (6), Defendant essentially has the burden of demonstrating that abatement of interest is appropriate.

First, as to the issue of abatement during the stay. The Insurance Commissioner as conservator of Confederation in its insolvency moved to dismiss or stay the case against Confederation in 1994 on the ground that the conservator needed to preserve the assets of the company according to his state statutory duties. Confederation's motion did not mention its co-Defendant Finsilver, but Finsilver moved that it should be granted whatever treatment Confederation got because any outcome with respect to Confederation would substantively affect its rights. On January 5, 1995, Judge Gilmore issued an order to stay the entire case. On July 23, 1996, the case was ordered back onto the trial docket.

■ Pre-judgment interest is mandatory, and it is remedial in nature and should be interpreted liberally. *Heyler v. Dixon,* 160 Mich.App. 130, 152, 408 N.W.2d 121 (1987). However, it may be abated when the delay is not the fault of or caused by the debtor. *Id.* So, essentially, the parties disagree about whether the stay was the fault of Finsilver or not. Mrs. Sloan argues that it was because Finsilver moved for the stay. Finsilver argues that it was not, because it is not its fault that Confederation went into rehabilitation and requested a stay and the stay followed automatically since Confederation was an indispensable party.

Here, Finsilver did cause the stay as to itself, because it requested it. However, Defendant argues that there was no choice but to request a stay, since Consolidated was a necessary party under Fed.R.Civ.P. 19. That Rule provides that when joinder of a necessary party is not feasible (temporarily true here, because of the insolvency), the court should consider the prejudice to the parties if one party is absent.

■ Mrs. Sloan's complaint pled in the alternative. There were three counts of breach of contract against Confederation, and then, "if it is in fact determined that [Confederation is] not liable to Plaintiff," a negligence action against Finsilver for not obtaining and/or cancelling the policy. A trial of Finsilver while Confederation was under a stay might have harmed the interests of Confederation because if the jury made a determination about whether Mr. Finsilver did or did not obtain or did or did not cancel a contract with Confedera-

tion, that finding could have been binding on Confederation by *collateral estoppel.* Also, a trial of Finsilver without Confederation could have been prejudicial to Finsilver because Finsilver would not get the benefit of the alternate theories presented to the jury, including the three counts that imposed no liability on Finsilver. Under an application of Rule 19 to these circumstances, Finsilver is entitled to abatement of interest since it was not its fault that Confederation became insolvent and that the two co-Defendants were indispensable parties to this lawsuit. Therefore, pre-judgment interest is abated for the period the stay was in effect, from January 5, 1995—July 23, 1996.

### 2. Appeal

Finsilver further argues that interest should be abated during the appeal of the first judgment. It cites recent Michigan cases that indicate interest may be abated during an appeal. In *Dedes v. Asch,* 233 Mich.App. 329, 340, 590 N.W.2d 605 (1998), the court said:

> Here, we find that the fault for the delay was not attributable to defendants.... To allow interest to continue to accrue during an appellate process would hinder parties from asserting new and innovative arguments in the trial court for fear that interest will continue to accrue on a claim that may be reversed during the appeal process. Therefore, because the fault for the delay is not properly attributable to defendants, the trial court erred in granting prejudgment interest for the period that the matter was on appeal. We remand to the trial court ... abating the interest for the period that the matter was on appeal.

Though the court was not absolutely clear about whether interest was abated during the appeal because it was an appeal, or because the appeal was not the debtor's fault, the Court of Appeals has interpreted *Dedes* to mean that interest is waived during an appeal, period. In *People v. $176,598.00 United States Currency,* 242 Mich.App. 342; 618 N.W.2d 922 (2000), the court stated that *Dedes* meant no interest during appeals. Very recently, the court in *Schreiner v. Preston,* No. 226490, 2002 WL 550449 at *4 (Mich.App. Apr. 12, 2002), reversed the trial judge in awarding pre-judgment interest, but it also "abat[ed] the interest for the period that the matter was on appeal," citing *Dedes.* All those cases did involve appeals by the plaintiffs, as Mrs. Sloan points out, but the language of the opinions does not take that into account.

Plaintiff relies on *Eley v. Turner,* 193 Mich.App. 244, 246, 483 N.W.2d 421 (1992). The court there did award interest for the period of the appeal, and only abated it during the sub-period when the case file was lost in transit between the trial and appellate courts. However, *Dedes* and the cases interpreting it are more recent.

■ The cases cited above that order abatement during an appeal are appellate opinions and do not discuss the details of the applicable time period. But since they repeatedly refer to the "the period that the matter was on appeal," this court will follow that suggestion and only exempt the period when this case was actually on appeal, from August 14, 1998 to June 12, 2000. The court finds that time period to be appropriate since either the complaint or a judgment was pending against Defendant every day the case was not at the appellate level, and the pre-judgment interest statute does order interest from the date of filing the complaint.

### B. PENALTY INTEREST

Mrs. Sloan also requests that penalty interest of 12% be assessed against Finsilver's insurer, Employers' Reinsurance. That high rate of interest is available under the Unfair Trade Practices Act,

M.C.L. § 500.2001 et seq. Sec. 500.2006(4) provides that if payment is not made to a claimant (including a third party tort claimant) within 60 days of satisfactory proof of loss being submitted on a claim that is not "reasonably in dispute and [on which] the insurer has refused payment in bad faith," the insurer can be assessed the high interest rate. Both a lack of a reasonable dispute and bad faith are required.

■ Mrs. Sloan argues that her claim has not reasonably been in dispute since the first verdict. However, the Sixth Circuit found it necessary to vacate the entire jury verdict. That, in and of itself, creates a reasonable dispute about the outcome of the case. Also, this court denied Plaintiff's motion for summary judgment prior to the second trial. Though Plaintiff's case here is strong and has prevailed, that does not mean that the ultimate outcome was not "reasonably in dispute." The penalty interest statute does not apply in situations where the insurer's obligation is reasonably in dispute, as it was here. *Arco Industries Corp. v. American Motorists Ins. Co.*, 233 Mich.App. 143, 149, 594 N.W.2d 74 (1999). Thus, 12% penalty interest is denied.

### C. "DEFENDANT" BRUCE FINSILVER

■ Consolidation and Finsilver Assoc. were the only original Defendants, but Bruce Finsilver was officially joined as a Defendant in this case by stipulation on June 23, 1997. Mr. Finsilver is the person at Finsilver Associates who was responsible for the Sloans' insurance policy purchase. But since then, his name has not appeared on the pleadings until now. His name does not appear on the heading of the 2001 jury form of verdict, which also referred to a "defendant" in the singular. The same is true for the form of verdict and Judgment in the original trial. Though, the Sixth Circuit opinion does have his name in the caption. Mrs. Sloan now asks that he be bound by the jury verdict because Finsilver Assoc. was aware all along of the stipulation that made him a Defendant, while Mrs. Sloan's trial counsel had to take over her case from a deceased partner just three weeks before the trial and was unaware that Mr. Finsilver had been added. That is not persuasive—the stipulation adding Mr. Finsilver as a Defendant was filed with the court and available to all. Plaintiff should have been aware that he was a Defendant during the nearly five years since the first trial, but he was never mentioned before this. Mrs. Sloan, however, further argues that the trials were all about the negligent acts of Mr. Finsilver—Finsilver Assoc. is liable only because of his negligence—and Mr. Finsilver participated in the trials. That is true. However, it does not appear that the jury was instructed to consider *both* Mr. Finsilver and Finsilver Assoc., but only Finsilver Assoc.'s liability for his acts. To hold Mr. Finsilver liable, Plaintiff would have to have proved his liability by a preponderance of the evidence to the jury, but the jury did not so find. This is essentially a case of inattentiveness by both the parties and the court in not consistently adding Mr. Finsilver as a Defendant. Here, where the trials and juries effectively proceeded against only one defendant, it would be inefficient and prejudicial to add Bruce Finsilver as a liable defendant at this late date.

Further, the damages here are clearly the $1 million of the insurance policy (with offsets). Finsilver Assoc. states that its liability insurance policy is adequate to cover all the damages in this case, so there is no real reason for Plaintiff to proceed against Mr. Finsilver. Therefore, Bruce Finsilver will not be added as a liable defendant, and he will be dismissed from the case as a defendant under Fed. R.Civ.P. 15(b), which allows amendments to pleadings to conform to the evidence.

### D. COLLATERAL SOURCE DISCOVERY

Defendant would also like this court to allow further discovery of collateral source reductions in the judgment under M.C.L. § 600.6303 before judgment is issued. Defendant claims that Mr. Sloan's original life insurance policy may not have been cancelled. The statute provides that:

> In a personal injury action in which the plaintiff seeks to recover for the expense of medical care, rehabilitation services, loss of earnings, loss of earning capacity, or other economic loss, evidence to establish that the expense or loss was paid or is payable, in whole or in part, by a collateral source, shall be admissible to the court in which the action was brought after a verdict for plaintiff and before a judgment in entered on the verdict.

First, this case is not really the kind of "personal injury action" the statute refers to; life insurance proceeds do not precisely reimburse a person for economic losses; and there is no reason a person cannot have more than one insurance policy. Further, as Plaintiff points out, Defendant's counsel introduced some evidence of other policies at trial, and the jury did not find that that diminished Defendant's liability. Judgment will enter immediately and without any collateral source review.

### E. POST–TRIAL AND POST–JUDGMENT INTEREST

The pre-judgment interest will continue to accrue until this judgment is issued. However, interest will be abated from October 31, 2001 [Defendant's response] to the date of this order, due to the court's delay in ruling on this motion. Analogous to *Eley,* a delay due to the court is not the fault of any party and should not be charged against the Defendant.

■ But as soon as this judgment is issued, post-judgment interest pursuant to 28 U.S.C. § 1961 will apply. In diversity cases such as this one, state law applies to pre-judgment interest, but Federal law applies to post-judgment interest. *FDIC v. First Heights Bank, FSB,* 229 F.3d 528, 542 (6th Cir.2000).

### ORDER

It is hereby **ORDERED** that Plaintiff's motion for entry of judgment is **GRANTED,** and that Plaintiff, within 30 days of this order, prepare a judgment against Finsilver Associates, Inc. only that calculates interest according to M.C.L. § 600.6013(6) on the judgment of $658,500 for:

- February 3, 1993 to January 4, 1995 [from filing of complaint to beginning of stay]

- July 23, 1996—August 14, 1998 [from end to stay to start of appeal]

- June 12, 2000—October 31, 2001 [from end of appeal to pleadings for judgment]

- From the date of this order to the date judgment is entered.

Post-judgment interest under 28 U.S.C. § 1961 will also accrue from the date of the judgment until the date of full satisfaction of the judgment.

Further, it is also **ORDERED** that Bruce Finsilver is **DISMISSED** as a Defendant in this case, pursuant to Fed. R.Civ.P. 15(b).