**WRENCH LLC, a Michigan Limited Liability Company; Joseph Shields; and Thomas Rinks, Plaintiffs,**

v.

**TACO BELL CORP., a foreign corporation, Defendant.**

No. 1:98–CV–45.

United States District Court, W.D. Michigan, Southern Division.

Sept. 9, 2003.

See also 2003 WL 21653410.

Douglas A. Dozeman, Valerie P. Simmons, Daniel P. Ettinger, Warner, Norcross & Judd LLP, Grand Rapids, MI, for Plaintiffs.

Richard J. O'Brien, Paul E. Veith, Sidley & Austin, Chicago, IL, Randall G. Litton, Price, Heneveld, Cooper, Dewitt, et. al., Grand Rapids, MI, Arthur S. Friedman, Friedman, Wang & Bleiberg, PC, New York City, Jamie L. Secord, Sidley Austin Brown & Wood, Chicago, IL, for Defendant.

## OPINION

QUIST, District Judge.

The Court has before it Plaintiffs' motion to amend the judgment to include pre and postjudgment interest. In their motion, Plaintiffs contend that they are entitled to prejudgment interest pursuant to M.C.L. § 600.6013(8) and post-judgment interest pursuant to 28 U.S.C. § 1961. Defendant, Taco Bell, does not dispute that Plaintiffs are entitled to postjudgment interest pursuant to 28 U.S.C. § 1961, nor does Taco Bell dispute that Plaintiffs are entitled to prejudgment interest under M.C.L. § 600.6013(8). However, the parties disagree on the following issues with respect to an award of prejudgment interest: (1) whether Plaintiffs are entitled to prejudgment interest for the period of time when this case was on appeal after the Court granted summary judgment to Taco Bell; and (2) whether the award of

prejudgment interest runs through the date of the original judgment, entered on June 4, 2003, or through the date of the amended judgment awarding prejudgment and postjudgment interest.

■ In a diversity case, federal law controls postjudgment interest, but state law applies to awards of prejudgment interest. *FDIC v. First Heights Bank, FSB,* 229 F.3d 528, 542 (6th Cir.2000). A federal court sitting in diversity is bound to apply the controlling decisions of the state supreme court. *Allstate Ins. Co. v. Thrifty Rent–A–Car Sys., Inc.,* 249 F.3d 450, 454 (6th Cir.2001) (citing *Prestige Cas. Co. v. Mich. Mut. Ins. Co.,* 99 F.3d 1340, 1348 (6th Cir.1996)). In the absence of a decision by the state supreme court, the federal court must predict how that court would rule, taking into account all relevant data. *Rousey v. United States,* 115 F.3d 394, 397 (6th Cir.1997). " 'Relevant data include decisions of the state appellate courts, and those decisions should not be disregarded unless [the federal court is] presented with persuasive data that the Michigan Supreme Court would decide otherwise.' " *Allstate Ins. Co.,* 249 F.3d at 454 (quoting *Kingsley Assoc. v. Moll PlastiCrafters, Inc.,* 65 F.3d 498, 507 (6th Cir. 1995)).

■ The first issue presented is whether prejudgment interest should abate during the appeal period. The Michigan statute regarding prejudgment interest states that "interest on a money judgement recovered in a civil action is calculated ... from the date of filing the complaint ... on the entire amount of the money judgement, including attorney fees and costs." M.C.L. § 600.6013(8). Under this statute, prejudgment interest must be calculated on the entire judgment from the date that the complaint was filed. *Perceptron, Inc. v. Sensor Adaptive Machs., Inc.,* 221 F.3d 913, 923 (6th Cir.2000). "The prejudgment interest statute is remedial in nature and is to be construed liberally in favor of the prevailing party." *Id.* The purpose of the statute is to compensate the prevailing party for lost use of the money, as well as to "offset the costs of bringing the action and to provide an incentive for prompt settlement." *Id.; see also Coughlin v. Dean,* 174 Mich.App. 346, 352, 435 N.W.2d 792, 794 (1989) ("The statute is remedial and primarily intended to compensate prevailing parties for expenses incurred in bringing suits for money damages, *and for any delay in receiving such damages.*")

The prejudgment interest statute does not contain any express exception for abatement of prejudgment interest during delays not caused by the judgment debtor. However, the Michigan Court of Appeals has recognized such an exception in situations where the case has been delayed for reasons beyond the judgment debtor's control. In *Heyler v. Dixon,* 160 Mich. App. 130, 408 N.W.2d 121 (1987), the trial court denied prejudgment interest for the period of time the case was stayed pending rehearing of a case by the Michigan Supreme Court to determine whether a recent decision, which would affect the outcome in the *Heyler* case, should apply retroactively. Relying upon 45 Am.Jur.2d *Interest and Usury* § 103, the court of appeals held that the trial court properly tolled the prejudgment interest during the 16 month stay period. 160 Mich.App. at 152–53, 408 N.W.2d at 130. The court stated, "where delay is caused through no fault of the debtor and because delay in the instant case was not occasioned by [the] defendant [ ], we hold that the trial court did not err in disallowing prejudgment interest during the period of stay." *Id.* at 153, 408 N.W.2d at 130. The court of appeals has also applied the "no fault for delay" rule in other contexts where the delay was beyond the judgment debtor's control. *See, e.g., Eley v. Turner,* 193

Mich.App. 244, 247, 483 N.W.2d 421, 422 (1992) (per curiam) (denying prejudgment interest for the period of time when the court file was lost in the process of being sent from the Michigan Supreme Court to the district court).[1]

In *Dedes v. Asch,* 233 Mich.App. 329, 590 N.W.2d 605 (1998), the Michigan Court of Appeals extended the "no fault for delay" rule to appeals. In *Dedes,* the plaintiffs appealed an adverse ruling by the trial court in favor of the defendants. The court of appeals affirmed, but the Michigan Supreme Court reversed. Following a jury verdict on remand, the trial court entered judgment in favor of the plaintiffs and awarded prejudgment interest, including the time during which the case was on appeal by the plaintiff. The court of appeals held that the trial court erred in awarding prejudgment interest for the period of the appeals because the "delay was not attributable to defendants." *Id.* at 340, 590 N.W.2d at 610. The court reasoned:

> This case concerned at least one issue of such significance that our Supreme Court agreed to rule on it following an application for leave to appeal sought by the plaintiffs. To allow interest to continue to accrue during an appellate process would hinder parties from asserting new and innovative arguments in the trial court for fear that interest will continue to accrue on a claim that may be reversed during the appeal process.

*Id.* Pursuant to *Dedes,* the court of appeals has adopted a blanket rule denying prejudgment interest during appeals. *See People v. $176,598.00 United States Currency,* 242 Mich.App. 342, 349, 618 N.W.2d 922, 926 (2000) (citing *Dedes* and stating that "this Court has held that prejudgment interest does not continue to accrue during

the appellate process"), *rev'd on other grounds,* 443 Mich. 261, 505 N.W.2d 201 (1993); *Morales v. Auto Owners Ins. Co.,* No. 233826, 2002 WL 31264641, at *1 (Mich.App. Oct. 4, 2002) (per curiam) (same); *Schreiner v. Preston,* No. 226490, 2002 WL 550449, at *4 (Mich.App. Apr. 12, 2002) (per curiam) (instructing the trial court on remand to abate the interest for the appeal period).

Plaintiffs contend that in spite of *Dedes,* the Court should award prejudgment interest for the entire period because the Michigan Supreme Court would reject a "no fault for delay" exception, at least in the context of an appeal. Plaintiffs assert that the current Michigan Supreme Court, with its "textualist" philosophy, would not deviate from the plain language of the statute to find a "no fault for delay" exception that is not indicated by the express language of the statute. Plaintiffs cite recent decisions by the Michigan Supreme Court in *People v. Hawkins,* 468 Mich. 488, 668 N.W.2d 602 (2003), and *Jones v. Department of Corrections,* 468 Mich. 646, 664 N.W.2d 717 (2003), as illustrative of the Michigan Supreme Court's doctrinal trend in statutory construction.

*Hawkins* was a consolidated appeal of two cases. In one case, the court of appeals upheld the exclusion of evidence obtained pursuant to a search warrant that failed to comply with M.C.L. § 700.653(B), which requires that an affidavit contain information concerning the credibility of unnamed informants or the reliability of the information they supplied. In the other case, the court of appeals upheld the exclusion of evidence obtained pursuant to a bench warrant issued in violation of M.C.R. 3.606(A), which requires supporting affidavits for bench warrants issued for

---

1. The court had previously rejected the defendants' cross application for leave to appeal with regard to the issue of whether the plaintiff was entitled to prejudgment interest during the period of the prior appeal. *See Eley,* 193 Mich.App. at 247, 483 N.W.2d at 422.

contempt offenses committed outside the immediate presence of the court. The Michigan Supreme Court reversed both rulings because it determined that "neither the statute nor the court rule contemplates application of the exclusionary rule." *Hawkins*, 468 Mich. at 491, 668 N.W.2d at 604. In determining whether the exclusionary rule was applicable, the court stated that because the rule is a drastic remedy, "[w]hether the exclusionary rule should be applied to evidence seized in violation of a statute is purely a matter of legislative intent." *Id.* at 500, 668 N.W.2d at 609. Applying to the statute the "most fundamental principle of construction that there is no room for judicial interpretation when the Legislature's intent can be ascertained from the statute's plain and unambiguous language" the court concluded: "Nothing in the plain language of § 653 provides us with a sound basis for concluding that the Legislature intended that noncompliance with its affidavit requirements, standing alone, justifies application of the exclusionary rule to evidence obtained by police in reliance on a search warrant." *Id.* at 510, 668 N.W.2d at 614. The court also considered, and overruled, its prior decisions in *People v. Sloan*, 450 Mich. 160, 538 N.W.2d 380 (1995), and *People v. Sherbine*, 421 Mich. 502, 364 N.W.2d 658 (1984), which held that exclusion of evidence was the remedy for a violation of § 653, concluding that those decisions improperly imposed the court's policy choices upon the legislature by reading the exclusionary rule into the statute. *Id.* at 502, 507, 668 N.W.2d at 610, 612. Similarly, the court concluded that a violation of the court rule did not require exclusion because nothing in the language of the rule indicated that the rule should be applied. *Id.* at 510, 668 N.W.2d at 614.

In *Jones*, the issue presented was whether a parolee accused of a parole violation was entitled to discharge from prison where a fact-finding hearing on the charge was not held within forty-five days as required by M.C.L. § 791.240a(1). Applying the supreme court's prior decision in *Stewart v. Department of Corrections*, 382 Mich. 474, 170 N.W.2d 16 (1969), the court of appeals concluded that it was required to release the plaintiff because a fact-finding hearing was not held within the forty-five day period specified in the statute. *Jones*, 664 N.W.2d at 722. *Stewart* held that the parole board's failure to conduct a hearing within the time provided by the statute constituted a waiver of any claim based upon the alleged parole violation and that discharge from prison was the appropriate remedy under such circumstances. *Id.* The Michigan Supreme Court held that *Stewart* court's analysis was wrong:

> The *Stewart* Court erred, in our judgment, by engrafting onto the terms of former M.C.L. § 791.240 a remedy that had no basis in the plain language of the statute. As we have recently noted on several occasions, " 'our judicial role precludes imposing different policy choices than those selected by the Legislature, [and] our obligation is, by examining the statutory language, to discern the legislative intent that may reasonably be inferred from the words expressed in the statute.' " *People v. Sobczak–Obetts*, 463 Mich. 687, 694–95, 625 N.W.2d 764 (2001), quoting *People v. McIntire*, 461 Mich. 147, 152, 599 N.W.2d 102 (1999). In determining that the parole board had waived its authority and that the plaintiff was entitled to discharge, the *Stewart* Court created a remedy for a violation of former M.C.L. § 791.240 that was not grounded anywhere in the statutory scheme and thus exceeded its judicial authority.

*Id.* at 722–23 (footnote omitted). The court concluded by overruling *Stewart* because nothing in the language of the statute supported discharge as a remedy for

violation of the forty-five day limitation period. *Id.* at 723.

■ Based upon its reading of *Hawkins* and *Jones,* this Court finds both cases persuasive "data" indicating how the Michigan Supreme Court would resolve the issue of whether the prejudgment interest statute contains an exception for appeal periods. Those cases and other recent decisions from that court regarding statutory interpretation suggest, with reasonable certainty, that the supreme court would continue its current trend by examining the language of the prejudgment interest statute and concluding that such an exception does not exist because it is not supported by the text of the statute. The fact that the Michigan Supreme Court has ordered oral argument on the issue in *Morales,* cited above, while less persuasive, is additional relevant data indicating that the supreme court will likely consider the issue and overrule *Dedes.* Therefore, the Court declines to apply *Dedes* and concludes that Plaintiffs are entitled to prejudgment interest from the filing of the complaint, including the entire appeal period.

■ The remaining question is whether prejudgment interest should be awarded through the date of the original judgment or through the date of the amended order. Taco Bell cites *Matich v. Modern Research Corp.,* 430 Mich. 1, 420 N.W.2d 67 (1988), and *United States v. Bank of Celina,* 823 F.2d 911 (6th Cir.1986), as support for its argument that prejudgment interest should run only through the date of the original judgment. However, these cases do not address the issue in the case at bar—namely, whether prejudgment interest should be awarded through the date of an amended judgment. In *Matich,* the question was whether, under a standard interest clause in an insurance policy, the insurer was obligated to pay prejudgment interest on the entire judgment or on the limits of liability. *See Matich,* 430 Mich. at 20, 420 N.W.2d at 75–76. In *Celina,* the court of appeals found that the district court's judgment should be modified to reflect that the plaintiff had made prior payment to the government. The court held that interest should run from the date of the original judgment "because that is when the correct award *should have been* entered." *Bank of Celina,* 823 F.2d at 914–15. Thus, the court simply concluded that the amended judgment did not result in an entirely new judgment.

On the other hand, Plaintiffs cite several cases none from Michigan or from the Sixth Circuit which held that prejudgment interest runs until entry of the judgment awarding prejudgment interest. *See Cement Div., Nat'l Gypsum Co. v. City of Milwaukee,* 144 F.3d 1111, 1117 (7th Cir. 1998) (affirming district court's award of prejudgment interest through the date of entry of the amended judgment); *Foley v. City of Lowell,* 948 F.2d 10, 17–18 (1st Cir.1991) (holding that the plaintiff was entitled to recover prejudgment through the date of the amended final judgment). Allowing prejudgment interest through the date of the amended judgment makes sense, because an award of prejudgment interest is designed to compensate a plaintiff for loss of use of money. Moreover, the delay in the entry of a final judgment awarding prejudgment interest was due in large part to Taco Bell's position that Plaintiffs were not entitled to prejudgment interest during the appeals process. Therefore, the Court concludes that prejudgment interest should be awarded through the date of the amended judgment.

An Order consistent with this Opinion will be entered.