*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

KIMBERLY SPRAGGINS,

      Plaintiff-Appellant,

v

THIRD JUDICIAL CIRCUIT OF MICHIGAN,

      Defendant-Appellee.

UNPUBLISHED
July 2, 2020

No. 345636
Wayne Circuit Court
LC No. 17-000563-CD

Before: BECKERING, P.J., and CAVANAGH and STEPHENS, JJ.

CAVANAGH J. (*concurring*).

While I agree with the majority opinion's resolution of this matter, I would hold that plaintiff did not request an accommodation, as the trial court concluded, and thus she could not sustain her claim that defendant failed to make an accommodation. Therefore, I disagree with a portion of the analysis set forth in Part III of the majority opinion.

While the PWDCRA "expressly places an obligation upon an institution or employer to make certain accommodations to a handicapped individual, it does not impose upon them the additional obligation to determine which accommodations are necessary to respond to each individual's distinct handicap or special needs." *Lindberg v Livonia Pub Sch*, 219 Mich App 364, 367-368; 556 NW2d 509 (1996) (referring to the Handicappers' Civil Rights Act); see also *Chiles v Machine Shop, Inc*, 238 Mich App 462, 465 n 1; 606 NW2d 398 (1999) (noting that the PWDCRA was formerly known as the Handicappers' Civil Rights Act). Thus, an accommodation request must be made by the handicapped or disabled person. See *Buck v Thomas M Cooley Law Sch*, 272 Mich App 93, 102; 725 NW2d 485 (2006) (ruling in favor of the defendant because, *inter alia*, the plaintiff "never requested accommodations" for her specific problems); see also MCL 37.1210(18) ("A person with a disability may allege a violation against a person regarding a failure to accommodate under this article only if the person with the disability notifies the person in writing of the need for accommodation within 182 days after the date the person with a disability knew or reasonably should have known that an accommodation was needed."). As this Court has explained, the notice of a need for a particular accommodation is important because it allows the "defendant the opportunity to assess the [particular] accommodation request." *Bageris v Brandon Twp*, 264 Mich App 156, 165; 691 NW2d 459 (2004).

In this case, the majority concludes that a request for accommodation can be inferred from Dr. Verner's note and that defendant did infer such a request. I disagree. Dr. Verner's note merely mentioned plaintiff's limitations, i.e., no walking or standing for more than five minutes at a time. There was no request for accommodation. Thus, while defendant was informed of plaintiff's physical limitations, defendant was not asked to make any particular accommodations for those limitations. Accordingly, plaintiff could not recover on her claim that defendant failed to make an accommodation and defendant's motion for summary disposition was properly granted.

/s/ Mark J. Cavanagh